(No. 52082.—)

THE CITY OF CHICAGO, Appellant, v. THE ILLINOIS
COMMERCE COMMISSION et al., Appellees.

*Opinion filed March 21, 1980.*

214

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Hercules F. Bolos, Special Assistant Attorney General, Mary C. Ubatuba, Assistant Attorney General, and Lynne Schellenberger, law student, of Chicago, of counsel), for appellees.

MR. JUSTICE MORAN delivered the opinion of the court:

In a complaint for declaratory judgment against the Illinois Commerce Commission (Commission) and its

individual commissioners, the city of Chicago, plaintiff, sought to have the Commission's Rule 606 of General Order 138 declared "invalid, unlawful, void and unenforceable" and to have defendants enjoined from enforcing the rule against the plaintiff. The circuit court of Cook County entered judgment in favor of plaintiff, declaring Rule 606 to be null and void, its promulgation being beyond the jurisdiction of the Commission. The appellate court reversed (70 Ill. App. 3d 655), and we granted the plaintiff leave to appeal.

Defendants raise a threshold issue, challenging the jurisdiction of the circuit court to hear the plaintiff's complaint. Specifically, defendants contend that the circuit court should have dismissed the complaint for plaintiff's failure to exhaust its administrative remedies.

On August 22, 1973, following hearings at which plaintiff and other interested parties appeared, the Commission adopted General Order 138 Revised, which relates to the construction, maintenance, marking and protection of crossings of highways and railroads in Illinois. Rule 606 was promulgated as a part of said order and provides:

> "On all overhead railroad structures having vertical clearance of less than 14'6" clearance signs are to be furnished, installed, maintained and replaced by and at the expense of the public authority having the duty of maintaining the signs along the highway requiring such signs or as covered by agreement. *** It shall be the duty of said public authority to determine the clearance to be indicated on said sign. Railroad companies may elect to do the actual work of installing, maintaining or replacing clearance signs. ***"

Together, sections 67 and 68 of the Public Utilities Act (the Act) (Ill. Rev. Stat. 1977, ch. 111 2/3, pars. 71, 72) allow a party to the administrative proceeding to seek a rehearing before the Commission and thereafter to appeal to the circuit court. Instead of following the statutory mode of review, plaintiff filed the instant complaint.

It has been held that the statutory method for review of Commission orders is exclusive. (*Illini Coach Co. v.*

*Illinois Commerce Com.* (1951), 408 Ill. 104, 111; *Chicago North Shore & Milwaukee R.R. Co. v. City of Chicago* (1928), 331 Ill. 360, 374-75.) A party aggrieved by administrative action, even absent statutory guidance, ordinarily cannot seek review in the courts without first exhausting its administrative remedies. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58.) This court has expressed the reasons for the exhaustion requirement:

> "(1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary. [Citations.]" (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.)

An exception has been established, however, where an administrative rule is challenged on its face as not authorized by the enabling legislation. (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548; *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552.) Here, plaintiff asserts that the portion of Rule 606 which requires public authorities to furnish, install, maintain and replace, at their expense, clearance signs on railroad overpasses at grade crossings is void as beyond the authority of the Commission under the Act. It is evident from such assertion that plaintiff is challenging the rule on its face, and not merely as applied to any particular set of circumstances or factual situation. The issue involves solely a matter of statutory interpretation and, therefore, its resolution is particularly appropriate for the judiciary. Consequently, plaintiff need not exhaust its administrative remedies in this instance, and the circuit court properly asserted jurisdiction over the action.

We turn now to the merits of plaintiff's complaint. The Commission, because it is a creature of the legislature, derives its power and authority solely from the statute

creating it, and its acts or orders which are beyond the purview of the statute are void. (*People ex rel. Illinois Highway Transportation Co. v. Biggs* (1949), 402 Ill. 401, 409. See *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 551.) The Commission's power to promulgate Rule 606 must, therefore, find its source in the Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 1 *et seq.*). Plaintiff contends that nowhere in the Act is the Commission empowered to require a public highway authority (including plaintiff) to improve and maintain the property of a privately owned public utility. (Plaintiff's contention is inappropriate under the circumstances here in that clearance signs neither improve nor maintain a railroad's property. In fact, the plaintiff's right to use railroad property for the designated signs would serve to promote the public safety of highway users.) In support, however, plaintiff directs our attention to certain provisions of the Act which generally place the responsibility for utility property upon the utility itself.

Section 32 requires every public utility to provide and maintain service instrumentalities, equipment and facilities to promote the safety, health, comfort and convenience of its patrons, employees, and the public. (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 32.) Similarly, section 57 empowers the Commission to require every public utility to operate and maintain its plant, equipment or other property so as to promote and safeguard the health and safety of its employees, passengers, customers and the public, and to this end to prescribe, among other things, the installation of safety devices at grade crossings; and to prescribe the division of the cost of such installation between the utility and the public highway authority in interest. Ill. Rev. Stat. 1977, ch. 111 2/3, par. 61.

It is section 58 of the Act, however, that specifically governs grade crossings and provides in pertinent part:

> "The Commission shall also have power by its order to require the reconstruction, minor alteration, minor

relocation or improvement of any crossing (including the necessary highway approaches thereto) of any railroad across any highway or public road, whether such crossing be at grade or by overhead structure or by subway, whenever the Commission finds after a hearing or without a hearing as otherwise provided in this paragraph that such reconstruction, alteration, relocation or improvement is necessary to preserve or promote the safety or convenience of the public or of the employees or passengers of such railroad. By its original order or supplemental orders in such case, the commission may direct such reconstruction, alteration, relocation or improvement to be made in such manner and upon such terms and conditions as may be reasonable and necessary and may apportion the cost of such reconstruction, alteration, relocation or improvement between the railroad company or companies and other public utilities affected, or between such company or companies and other public utilities and the State, county, municipality, or other public authority in interest." Ill. Rev. Stat. 1977, ch. 111 2/3, par. 62.

In the posture of this case, we assume, and plaintiff does not question, that the signs which are the subject of Rule 606 are necessary for the safety or convenience of the public. Also, plaintiff does not contend that the Commission is without power to order the instant work done, or that it is powerless to direct its order to *any* of the parties involved. Plaintiff maintains only that this section does not authorize the Commission to direct a public highway authority to place such signs on utility property.

It is well settled that the Commission's jurisdiction over all phases of grade-crossing regulation is plenary and exclusive. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 125; *City of Chicago v. Chicago & North Western Ry. Co.* (1954), 4 Ill. 2d 307, 312; *Illinois Central R.R. Co. v. Franklin County* (1944), 387 Ill. 301, 309-10, 319; *City of Chicago v. Illinois Commerce Com. ex rel. Chicago & Western Indiana R.R. Co.* (1934), 356 Ill. 501, 508.) In the exercise of its power to regulate grade crossings in the interest of public safety, the Commission is vested with wide discretion to

determine what the public interests require and what measures are necessary for the protection and promotion of those interests. (*Chicago, Burlington & Quincy R.R. Co. v. Illinois Commerce Com.* (1951), 410 Ill. 60, 64; *Illinois Commerce Com. v. New York Central R.R. Co.* (1947), 398 Ill. 11, 18.) The controlling portion of section 58 provides that "the commission may direct such reconstruction, alteration, relocation or improvement to be made in such manner and upon such terms and conditions as may be reasonable and necessary." Implicit in plaintiff's argument is that responsibility for actual performance of the work, as opposed to the cost of the work, is to be determined solely according to which party technically owns the particular portion of the grade crossing involved. We are convinced that the legislature did not intend to limit the Commission to such a restrictive and inflexible criterion as ownership, especially where, at grade crossings, property rights may sometimes merge or overlap. Rather, the only reasonable interpretation of section 58, in view of the cited authorities and of the statutory language itself, is that the Commission is to determine which party to hold responsible for actual performance of the work according to what, in its discretion, is "reasonable and necessary" under the circumstances, subject to judicial review under the Act. While property ownership may be a factor for the Commission to consider, it is not dispositive.

Plaintiff argues that Rule 606 will expose many local communities to potential tort liability for failure to adequately post or maintain clearance signs. This argument, while a factor in determining the desirability of the rule, is irrelevant to the question of the Commission's authority to promulgate that rule.

In conclusion, we hold that the Act confers upon the Commission the power and authority to promulgate Rule 606. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*