LONNIE R. POPEJOY, Plaintiff-Appellee, *v.* JAMES B. ZAGEL, Defendant-Appellant.

Fourth District   No. 4—82—0552

Opinion filed May 26, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Jon E. Tweedt, Assistant Attorney General, of counsel), for appellant.

Edward G. Coleman, of Springfield, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

On September 16, 1980, Lonnie Popejoy (plaintiff) was promoted from the rank of trooper to the rank of corporal in the Division of State Police of the Illinois Department of Law Enforcement. He was returned to rank of trooper by order of the Director of the Department of Law Enforcement (defendant) on August 1, 1981. Plaintiff brought action for a writ of *mandamus* to compel his reinstatement to the rank of corporal. The trial court issued the writ and defendant now appeals.

The question before this court is whether defendant could properly reduce plaintiff's rank absent compliance with the provision regulating demotions under "An Act in relation to the State Police" (the Act) (Ill. Rev. Stat. 1981, ch. 121, par. 307.1 *et seq.*). The resolution of this question requires an inquiry into the validity of Department of Law Enforcement Merit Board Rule 4—4, which purports to establish a one-year period of probation for all promotions within the State police with the language:

"PROMOTION PROBATIONARY PERIOD: All promotions shall be for a probationary period of one year during which time the Director may return the officer to that officer's prior rank."

A written communication, dated July 24, 1981, advised Popejoy:

"OFFICIAL PERSONNEL ACTION

On September 16, 1980, you were promoted to the rank of Corporal with the condition that you serve a one year probationary period. I find that you have failed to satisfactorily complete this probationary period. By that authority vested in me under Department of Law Enforcement Merit Board Rule 4-4, I hereby order you reduced in rank from Corporal to Trooper to become effective August 1, 1981.

/s/ James B. Zagel."

Demotions in the State police are governed by section 14 of the Act (Ill Rev. Stat. 1981, ch. 121, par. 307.14), which provides in pertinent part:

"Except as is otherwise provided in this Act, no Department of Law Enforcement officer shall be removed, demoted or suspended except for cause, upon written charges filed with the

Board [Department of Law Enforcement Merit Board] by the Director and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. At such hearing, the accused shall be afforded full opportunity to be heard in his own defense and to produce proof in his defense.

\*\*\*

\*\*\* If the charges against an accused are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits. Thereupon the Director shall direct such removal or other punishment as ordered by the Board." Ill. Rev. Stat. 1981, ch. 121, par. 307.14.

The Act establishes certain rule-making authority in the Board. Section 8 of the Act (Ill. Rev. Stat. 1981, ch. 121, par. 307.8) provides in pertinent part:

"The Board shall exercise jurisdiction over the certification for appointment and promotion, and over the discipline, removal, demotion and suspension of Department of Law Enforcement officers. Pursuant to recognized merit principles of public employment, the Board shall formulate, adopt, and put into effect rules, regulations and procedures for its operation and the transaction of its business." Ill. Rev. Stat. 1981, ch. 121, par. 307.8.

Popejoy contends that his demotion to the rank of trooper was ineffective because the defendant failed to comply with the procedures set forth in section 14 of the Act (Ill. Rev. Stat. 1981, ch. 121, par. 307.14). He argues that Rule 4-4 is an invalid exercise of the Merit Board's rule-making power, because the rule operates to abrogate the procedures for demotion under the Act. We agree.

It is axiomatic that the authority of an administrative agency to adopt rules and regulations is defined by the statute creating that authority, and such rules and regulations must be in accord with the standards and policies set forth in the statute. (*Pye v. Marco* (1973), 13 Ill. App. 3d 923, 926, 301 N.E.2d 63, 65.) An administrative body cannot extend or alter the operation of a statute by exercise of its rule-making powers. (*Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 60, 387 N.E.2d 320, 324; *Illinois Bell Telephone Co. v. Illinois Commerce Com.*

(1953), 414 Ill. 275, 279, 111 N.E.2d 329, 332.) To the extent that any such rule or regulation is in conflict with the statute, it is invalid. *Aurora East Public School District No. 131 v. Cronin* (1981), 92 Ill. App. 3d 1010, 1014, 415 N.E.2d 1372, 1376; *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 302, 411 N.E.2d 973, 980; *Pye.*

■ We find that Rule 4-4 of the Department of Law Enforcement Merit Board is in conflict with section 14 of the Act, and it is therefore invalid. Section 14 states in mandatory and absolute terms that no officer shall be demoted except for cause, upon written charges, with notice, hearing, and opportunity to produce evidence in his defense. Rule 4-4 purports to abrogate those statutory protections by creating a one-year period of promotional probation during which the statutory procedures for demotion would not apply. Although section 8 of the Act authorizes the Merit Board to enact rules relating to the transaction of the Board's business, the scope of this rule-making power does not extend to abrogation of mandatory requirements set forth in section 14. The conflict between the rule and the statute is clear and irreconcilable. As such, the rule must be declared invalid.

It is argued in behalf of the Department that its Rule 4-4 is in accord with "[t]he commonly accepted and understood recognized 'merit' principles," and there is citation of the Secretary of State Merit Employment Code (Ill. Rev. Stat. 1981, ch. 124, par. 101 *et seq.*); "An Act to create the State Universities Civil Service System" (Ill. Rev. Stat. 1981, ch. 24½, par. 38b9); the Sheriff's Merit System Act (Ill. Rev. Stat. 1981, ch. 125, par. 151 *et seq.*); the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b101 *et seq.*); and "An Act in relation to the Cook County Police and Corrections Merit Board" (Ill. Rev. Stat. 1981, ch. 125, par. 51 *et seq.*). Without reciting the several sections of the respective acts, we find that in addition to creating authority to make rules by a board or commission, each of the statutes provided categorically that promotion or elevation to a higher classification shall be for a probationary period during which the person appointed may be demoted to a former classification without the filing of charges. While the statutory language of the several acts is not uniform, it is explicitly stated that there may be demotion during the probationary period. As an example, section 10b.6 of the Secretary of State Merit Employment Code (Ill. Rev. Stat. 1981, ch. 124, par. 110b.6) provides "[f]or a period of probation not to exceed six months before appointment or promotion is complete, and during which period a probationer may *** be discharged or reduced in class or rank, or replaced on the eligible list."

Whether by design or otherwise, the language of "An Act in relation to the State Police" (Ill. Rev. Stat. 1981, ch. 121, par. 307.1 *et seq.*) is clearly more restricted. Section 9 describes the qualifications for applicants to the police and provides that "[a]ll appointees shall serve a probationary period of 12 months from the date of appointment and during that period may be discharged at the will of the Director." There is no reference to probation as a step in promotion.

While the argument presented by the Department upon theories of merit service has a substantial rationale, the legislature has not yet stated that such rationale should be applied to State police. We conclude that this court cannot constitutionally enlarge the language adopted by the legislature.

■ Defendant does not contend that Popejoy's demotion was preceded by any of the procedural steps outlined in section 14, and the record contains no evidence of such compliance. Instead, defendant has sought to justify Popejoy's summary demotion solely on the basis of the disputed rule. Inasmuch as we find that rule to be invalid, it is clear that Popejoy's demotion to the rank of trooper was ineffective, for defendant failed to comply with the requirements of section 14 of the Act. Accordingly, we affirm the judgment of the trial court.

Affirmed.

WEBBER, P.J., and GREEN, J., concur.