BOLES TRUCKING, INC., *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. PHILIP R. O'CONNOR *et al.*, Defendants-Appellees and Cross-Appellants.

Fourth District   No. 4—85—0176

Opinion filed November 26, 1985.

768

Robert T. Lawley, of Routman & Lawley, Ltd., of Springfield, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Hercules F. Bolos and Eva-Maria Wohn, Special Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiffs brought a complaint for declaratory judgment in the circuit court of Sangamon County, alleging that section 18—702 of the Illinois Motor Carrier of Property Law (Motor Carrier Law) (Ill. Rev. Stat. 1983, ch. 95½, par. 18—702) is unconstitutional insofar as it grants authority to the Illinois Commerce Commission (Commission) to assess civil penalties for violations of the Motor Carrier Law.

Defendants, as members of the Commission, filed a motion to dismiss the complaint for lack of jurisdiction, which was denied. Thereafter the trial court denied the complaint, in effect upholding the constitutionality of section 18—702. Plaintiffs appeal from the denial of their complaint; defendants have filed a cross-appeal from the denial of their motion to dismiss.

The facts of this case are undisputed. Plaintiffs are trucking corporations engaged in transporting property in intrastate commerce. In April 1984 the Commission issued "citation orders" directed to each plaintiff, ordering them to appear at an administrative hearing before the Commission and show cause why civil penalties should not be imposed against them, pursuant to section 18—702, for violations of the Motor Carrier Law.

On May 8, 1984, prior to the scheduled administrative hearing, plaintiffs filed their complaint for declaratory judgment, seeking a declaration that the civil penalty provision contained in section 18—702 violates the due process and equal protection clauses of the United States and Illinois constitutions. Defendants responded by filing a motion to dismiss the complaint, asserting for various reasons that the court lacked jurisdiction to entertain the complaint. The motion to dismiss was briefed by the parties and denied by the trial court.

Thereafter, defendants filed their answer denying that section 18—702 is unconstitutional and setting forth as affirmative defenses the grounds previously alleged in their motion to dismiss. Following a hearing on the complaint, the trial court entered an order on the docket denying the relief sought.

Initially we feel constrained to comment on the trial court's method of adjudicating the instant controversy. The court's final order states in pertinent part: "The Court finds the issues in favor of defendants. Prayer of complaint denied. Cause stricken."

■ A complaint for declaratory judgment by its very nature demands a determination of the respective rights of the parties. Where a declaratory judgment action is properly brought and entertained by the court, it is improper to merely dismiss the complaint or enter judgment for the plaintiff; the court should rather enter an order fixing the rights of the parties. See *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 340 N.E.2d 331.

In the case at bar, we are left to infer the rights of the parties. We presume that since the court denied defendants' motion to dismiss on jurisdictional grounds, the issues referred to in the quoted order relate to the merits of plaintiffs' complaint. It therefore appears that

the court upheld the constitutionality of section 18—702, in effect declaring that the Commission has properly been delegated the authority to impose civil penalties upon plaintiffs, should the cited violations of the Motor Carrier Law be substantiated. The parties on appeal have proceeded on this basis.

■■ ■ Although the point was not raised on appeal, it is clear that defendants do not have standing to cross-appeal from the denial of their motion to dismiss. No part of the trial court's final judgment was adverse to defendants and cross-appeal does not lie from the denial of a motion to dismiss. (*Bullman v. Cooper* (1936), 362 Ill. 469, 200 N.E. 173; *People ex rel. Jones v. Adams* (1976), 40 Ill. App. 3d 189, 350 N.E.2d 767.) While the cross-appeal must be dismissed, we still consider the issues raised by defendants in their motion to dismiss and in their answer since an appellee may advance any argument supported by the record to sustain the judgment of the trial court, and we may affirm when the court's decision is justified in law for any reason. *Ozment v. Lance* (1982), 107 Ill. App. 3d 348, 437 N.E.2d 930.

Defendants have raised several arguments in support of their contention that the trial court should not have entertained the complaint for declaratory judgment. These arguments can be consolidated into the following issues: (1) whether plaintiffs' complaint states an "actual controversy" sufficient to bring a declaratory judgment action, and (2) whether plaintiffs should be precluded from seeking declaratory judgment by their failure to exhaust administrative remedies.

Defendants contend first that plaintiffs' complaint is insufficient to state an actual controversy within the meaning of section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—701), which provides in relevant part:

"No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, *** and a declaration of the rights of the parties interested. *** The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding."

Defendants argue that plaintiffs do not have standing to contest

the constitutionality of section 18—702 since they do not factually allege that their constitutional rights would necessarily be violated by implementation of the contested civil penalty provision. Defendants claim that standing cannot be demonstrated until plaintiffs are actually penalized, an event which is speculative, and that consequently plaintiffs do not assert violations of their equal protection and due process rights.

In declaratory judgment actions involving the validity of a statute, a party is entitled to a declaration of rights "if he pleads facts showing a protectable interest clearly falling within the operative language of the [statute] and that he will be adversely affected by its enforcement." (*Eagle Books, Inc. v. City of Rockford* (1978), 66 Ill. App. 3d 1038, 1040, 384 N.E.2d 493, 495.) In *Miller v. County of Lake* (1980), 79 Ill. 2d 481, 404 N.E.2d 222, the court found that plaintiff had sufficiently alleged an actual controversy where a State's Attorney had announced his intention to prosecute a plaintiff for violations of the former corrupt practices act (Ill. Rev. Stat. 1975, ch. 102, par. 3) and plaintiff sought a declaration that his conduct was not illegal. The court, quoting *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300, setting forth the prerequisites to the maintenance of a declaratory judgment action under the statutory predecessor to section 2—701, said:

> " ' "Actual" in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]' " *Miller v. County of Lake* (1980), 79 Ill. 2d 481, 487, 404 N.E.2d 222, 225.

In the instant case, plaintiffs have alleged a sufficiently concrete dispute, capable of an immediate and definitive determination of the parties' rights, such that plaintiffs have standing to bring a declaratory judgment action. The Commission has issued citation orders requiring plaintiffs to appear and show cause why they should not be penalized for violations of the Motor Carrier Law. Plaintiffs challenge the authority of the Commission to conduct such proceedings for the purpose of determining whether civil penalties should be imposed. Plaintiffs clearly have a protectable property interest in not

being assessed the potentially severe penalties provided for in section 18—702. The allegations of plaintiffs' complaint appear to be sufficiently specific and are directed at a discrete part of section 18—702, *i.e.*, the civil penalty provision. Further, a resolution of the issues in this case in favor of plaintiffs will terminate the administrative proceedings; conversely, if the issues are resolved in favor of defendants, the controversy over the validity of the civil penalty provision will be finally determined. Contrary to defendants' position, the pecuniary or material interests of plaintiffs do not, under the above authorities, have to be damaged before an actual controversy is established. See also *Northwestern University v. State of Illinois* (1977), 56 Ill. App. 3d 305, 371 N.E.2d 1046.

Defendants' second major contention is that the failure of plaintiffs to exhaust their administrative remedies precludes judicial review of the validity of section 18—702. Defendants argue that plaintiffs' objections to the civil penalty provisions should be first presented and resolved before the Commission. Defendants note the possibility that civil penalties will not be imposed upon plaintiffs in the pending administrative proceedings, in which case judicial review would be unnecessary.

■ An exception to the exhaustion requirement applies where, as in the case at bar, a party challenges a statute as being facially invalid, rather than merely invalid as applied to the particular party. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.) Plaintiffs here allege the facial invalidity of the section 18—702 civil penalty provision and contest the authority of the Commission to impose such penalties absent specific statutory standards to guide the Commission's exercise of discretion in this respect. This is a general attack upon the authority of the Commission and not merely its power to penalize the instant plaintiffs.

■ Defendants assert that the above exception does not apply to this case because plaintiffs do not contest the Commission's jurisdiction over them as intrastate truckers, nor do plaintiffs attack section 18—702 in its entirety. (See *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258.) While plaintiffs do concede in their complaint that they are generally subject to the jurisdiction of the Commission as intrastate motor carriers, the complaint alleges that the Commission does not have the authority (or, in a sense, jurisdiction) to conduct the type of proceeding contemplated by the citation orders, *i.e.*, a hearing to determine whether civil penalties should be imposed. Further, it is not necessary to attack a law "as a whole" or "in its entirety," despite such language in many opinions; it is suf-

ficient to challenge a statute "in its terms" or "on its face" as do plaintiffs here. (*Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964.) A determination of the issues raised by plaintiffs will affect the jurisdiction of the Commission in all proceedings regarding civil penalties and not merely the hearings on the instant citations.

◼ In addition, another exception to the exhaustion requirement obtains where resort to administrative channels is futile. (*Dock Club, Inc. v. Illinois Liquor Control Com.* (1980), 83 Ill. App. 3d 1034, 404 N.E.2d 1050.) While even the probability of adverse administrative action does not establish futility, it has been recognized that there is virtually no chance of success at an administrative hearing for a party challenging the agency's own assertion of authority. *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258.

◼ Finally, defendants argue that sections 67 and 68 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 71, 72), as incorporated in the Motor Carrier Law (Ill. Rev. Stat. 1983, ch. 95½, par. 18—900)), provide the exclusive method of judicial review for plaintiffs' arguments. Section 68 states in applicable part that "[n]o circuit court shall permit a party affected by any rule, regulation, order or decision of the Commission *** to become a party plaintiff or appellant in such court who has not taken an appeal *** as herein provided." However, it is fundamental that the declaratory judgment remedy is cumulative of other statutory or common law remedies. Thus the court in *City of Chicago v. Illinois Commerce Com.* (1980), 79 Ill. 2d 213, 402 N.E.2d 595, found that sections 67 and 68 did not preclude an action for declaratory judgment involving a rule of the Commission which was challenged on its face as beyond the statutory authority of the Commission.

◼ In summary, plaintiffs have sufficiently and concretely stated an actual controversy for declaratory judgment purposes, given the fact that the Commission has issued citations specifically invoking the power of that agency to impose civil penalties. Plaintiffs have set forth specific allegations of facial unconstitutionality directed at a discrete portion of section 18—702. (See *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964.) Moreover, the purposes of the exhaustion requirement would not be served by delaying judicial review. (See *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) Rather, the question involved is purely one of law and its resolution is therefore particularly appropriate for the judiciary. *City of Chicago v. Illinois Commerce Com.* (1980), 79 Ill. 2d 213, 402 N.E.2d 595.

Having found that the trial court properly entertained plaintiffs' complaint for declaratory judgment, we now address the merits of that complaint. Plaintiffs' primary argument on appeal is that the section 18—702 civil penalty provision is vague in that it lacks sufficient standards to guide the discretion of the Commission in determining when civil penalties should be imposed. Plaintiffs conclude that this delegation of "quasi-judicial" power to the Commission violates the constitutionally required separation of powers (Ill. Const. 1970, art. II, sec. 1) and consequently deprives plaintiffs of their due process and equal protection guarantees under the United States and Illinois constitutions.

The disputed language is contained in paragraph six of section 18—702, as amended by Public Act No. 82—695 (effective January 1, 1982), and provides as follows:

"In addition to the criminal penalties provided in this Section for violation of this Chapter 18 or any rule, regulation, or order promulgated by the Commission, or any term, condition, or limitation of a certificate, permit, exempt registration or certificate of exemption in relation to (1) operating without authority issued by the Commission, (2) operating beyond the authority issued by the Commission, (3) operating or controlling the operation of a motor carrier of property without approval of the Commission, or (4) conducting operations in violation of rates and charges on file with the Commission by any person or any shipper who knowingly aids or abets any person in any such violations, said person or persons shall be liable to a civil penalty of not to exceed $500 for said violation and an additional civil penalty of not to exceed $500 for each day during which violation continues. If there is no appeal of a Commission order pursuant to Section 18—900 of this Code citing a violation of this Chapter 18 or a rule or regulation promulgated by the Commission, the penalties provided for in this paragraph may be recovered in a civil action. The Attorney General shall bring such action in the name of the People of the State of Illinois. If there is an appeal pursuant to Section 18—900 of this Code, the reviewing court upon affirming the order of the Commission shall enforce the civil penalties." (Ill. Rev. Stat. 1983, ch. 95½, par. 18—702.)

Public Act No. 82—695 also expressly delegated to the Commission the power to impose the civil penalties provided for in section 18—702. See Ill. Rev. Stat. 1983, ch. 95½, par. 18—201(5).

Plaintiffs do not challenge the general principle that the legisla-

ture may validly delegate to an administrative body the quasi-judicial power to impose civil penalties for violations within the agency's jurisdiction. Whereas the discretionary imposition of monetary penalties was traditionally reserved to the judicial branch, modern decisions have upheld the delegation of this power to administrative agencies. *E.g., City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 311 N.E.2d 146.

In support of their position that the section 18—702 civil penalty provision lacks sufficient standards to guide the Commission, plaintiffs rely primarily on the *City of Waukegan* decision, which involved an attack upon the authority of the Pollution Control Board to impose civil penalties for violations of the Environmental Protection Act. (Ill. Rev. Stat. 1971, ch. 111½, pars. 1033(b), 1042.) The court upheld such power, rejecting the argument that the discretionary imposition of civil penalties was an invalid delegation of judicial authority which violated the separation of powers clause. However, the court noted that, in addition to the traditional procedural rights contained in the Environmental Protection Act, the Act also provides the following criteria to guide the agency's discretion in imposing civil penalties:

> "In making its orders and determinations, the Board shall take into consideration all the facts and circumstances bearing upon the reasonableness of the emissions, discharges or deposits involved including, but not limited to:
>
> (i) the character and degree of injury to, or interference with the protection of the health, general welfare and physical property of the people;
>
> (ii) the social and economic value of the pollution source;
>
> (iii) the suitability or unsuitability of the pollution source to the area in which it is located, including the question of priority of location in the area involved; and
>
> (iv) the technical practicability and economic reasonableness of reducing or eliminating the emissions, discharges or deposits resulting from such pollution source." (Ill. Rev. Stat. 1983, ch. 111½, par. 1033(c).)

The court considered these criteria "additional protection" against the arbitrary imposition of penalties and emphasized that the discretion given the agency was subject to judicial review.

We note that proceedings before the Commission to impose civil penalties are governed by provisions of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 64 through 75, 77 through 79, 82, and 83) as incorporated by section 18—900 of the Motor Carrier Law. However, none of the incorporated provisions contain the type of cri-

teria found in the Environmental Protection Act, which plaintiffs deem crucial to the valid delegation of power to impose civil penalties.

■■ In general, the legislative delegation of authority to an administrative agency must provide "sufficient identification" of the following subjects: (1) the persons and activities subject to regulation, (2) the harm sought to be prevented, and (3) the general means intended to be available to the agency to prevent the harm. (*Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369 N.E.2d 875.) Where the agency is charged with enforcement of the substantive provisions in a law, the particular sanctions at its disposal must be specifically identified and the legislature must also provide adequate standards and safeguards, such as judicial review, for the imposition of such sanctions. *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369 N.E.2d 875.

■■ Of the three subjects of legislative delegation set forth above, only the third is truly at issue in this case. Section 18—702 specifically identifies the sanctions available to the Commission, *i.e.*, the imposition of a penalty not to exceed $500. Further, the illegal operations which subject motor carriers to such penalties are clearly set forth in section 18—702.

■■ Although section 18—702 does not establish criteria instructing the Commission when a penalty less than the maximum should be imposed, such absence of detail should not be regarded as fatal. In *Hill v. Relyea* (1966), 34 Ill. 2d 552, 555, 216 N.E.2d 795, 797, the court stated:

"Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be established by the General Assembly. The constitution merely requires that intelligible standards be set to guide the agency charged with enforcement [citations], and the precision of the permissible standard must necessarily vary according to the nature of the ultimate objective and the problems involved."

Thus, an administrative agency may validly exercise discretion to accomplish in detail that which is authorized in general terms. *City of Chicago v. Town Underground Theatre, Inc.* (1973), 9 Ill. App. 3d 930, 293 N.E.2d 367.

Plaintiffs also rely on *Southern Illinois Asphalt Co. v. Pollution Control Board* (1975), 60 Ill. 2d 204, 326 N.E.2d 406, also a case involving the authority of the Pollution Control Board to impose civil penalties. The court there noted that the civil penalties, in contrast to the criminal penalties also authorized under the Environmental Protection Act (and authorized under section 18—702), were intended to

promote the enforcement of that act and that punitive considerations were secondary. The court noted further that implicit in the grant of discretionary authority to impose monetary civil penalties is the requirement that the severity of the penalty bear some relationship to the seriousness of the given violation. This statement indicates that the relationship between penalty and conduct need not be stated explicitly in the statute. While the court generally upheld what it characterized as the "broad discretionary powers" of the Pollution Control Board to impose civil penalties, it found that the penalties imposed under the specific facts of that case were an arbitrary abuse of the agency's discretion.

■■ The Commission has been granted the authority to adopt reasonable rules governing the proceedings under section 18—702. (Ill. Rev. Stat. 1983, ch. 95½, par. 18—201(3).) Pursuant to this authority, the Commission has promulgated regulations defining the standards to be utilized in determining whether civil penalties should be imposed and establishing a precise mathematical formula for assessing the amount of such penalties. (92 Ill. Admin. Code secs. 1440.10, 1440.20.) Under these regulations the Commission must consider the following factors in determining whether civil penalties should be imposed: (1) mitigating circumstances, (2) intent, (3) ability to pay, (4) degree of harm to the public, and (5) financial benefit accruing to the violator. These criteria are the very type of guidelines which plaintiffs complain are absent from section 18—702 and which the court in *City of Waukegan* characterized as "additional protection" against arbitrariness.

■■ Plaintiffs assert that an administrative agency cannot extend or alter the operation of a statute by the exercise of its rule-making powers (*Popejoy v. Zagel* (1983), 115 Ill. App. 3d 9, 449 N.E.2d 1373) and argue that the Commission's regulations are an invalid attempt to "cure" a deficient statute. However, the above regulations do not exceed the authority of the Commission by extending the operation of section 18—702. Rather, the regulations were promulgated in accordance with the agency's authority under section 18—201(3) to implement its power to assess civil penalties. The Commission has merely made explicit those considerations utilized to ensure that the severity of the civil penalty imposed bears some relationship to the severity of a given violation of the Motor Carrier Law.

■■ We therefore find that the civil penalty provision contained in section 18—702 is a valid delegation of authority to impose civil penalties for the violations of the Motor Carrier Law set forth in that section. The criteria enumerated in the Commission's regulations pro-

vide adequate assurance that the penalties will not be imposed arbitrarily, and judicial review of the civil penalty proceedings is a further safeguard against any abuse of discretion by the Commission. See *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 311 N.E.2d 146.

Plaintiffs argue next that the evidentiary standards applicable to proceedings under section 18—702 are inadequate and violative of due process. Section 60 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111²⁄₃, par. 64) incorporated in the Motor Carrier Law by section 18—900, provides in part that proceedings before the Commission are not governed by the "technical rules of evidence" and that any informality in such proceedings or in the manner of receiving testimony does not affect the validity of a Commission order. Plaintiffs observe that the court in *City of Waukegan* noted with approval that civil penalty proceedings before the Pollution Control Board are governed by the rules of evidence applicable in civil actions.

■ Defendants counter that this argument has been made moot by the promulgation of section 200.610 of the Commission Rules of Practice, effective April 15, 1985, which provides that in contested civil penalty proceedings the civil rules of evidence shall generally be followed. We must agree with plaintiffs however that, in this instance, the rule clearly alters the operation of section 60 of the Public Utilities Act by changing the standard of the admissibility of evidence in section 18—702, and is therefore invalid. *Popejoy v. Zagel* (1983), 115 Ill. App. 3d 9, 449 N.E.2d 1373; see also *Franz v. Edgar* (1985), 133 Ill. App. 3d 513, 478 N.E.2d 1165.

■ We find that this result is somewhat anomalous, since it seems desirable, as a matter of policy, to provide parties in civil penalty proceedings the protection afforded by the formal rules of evidence. The above result is one consequence of the wholesale incorporation in Motor Carrier Law of provisions from the Public Utilities Act, some of which are obviously designed for rule-making and rate-making proceedings rather than proceedings to recover civil penalties.

■ We are not however prepared to hold as an abstract proposition that the inapplicability of technical rules of evidence in civil penalty proceedings necessarily violates due process. The language in section 60 of the Public Utilities Act is substantially the same as the evidentiary standard contained in the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(b)), which has been approved, at least implicitly, in other cases involving enforcement proceedings (*e.g., Aluminum Coil Anodizing Corp. v. Pollution Control Board* (1976), 40 Ill. App. 3d 785, 351 N.E.2d 612; *Lloyd A. Fry Roofing Co. v. Pol-*

*lution Control Board* (1974), 20 Ill. App. 3d 301, 314 N.E.2d 350, *cert. denied* (1975), 420 U.S. 996, 43 L. Ed. 2d 679, 95 S. Ct. 1438). We note that under this provision the failure to observe the technical rules of evidence is not grounds for reversal of an administrative decision, except where such failure results in material prejudice.

Plaintiffs argue next that review of a Commission order under section 68 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111²/₃, par. 72, as incorporated by section 12—900) violates equal protection and due process by unduly limiting the standard of review. Plaintiffs note that under section 68, in contrast to the comparable section of the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—111), a circuit court does not have the power to affirm in part and reverse in part a Commission order and remand to the Commission for consideration of the issues remanded. *N-Ren Corp. v. Illinois Commerce Com.* (1981), 98 Ill. App. 3d 1076, 423 N.E.2d 1386.

■■■ Plaintiffs cite no authority to the effect that absence of partial reversal powers renders judicial review unconstitutional or unduly restrictive. Nor have they explained how their rights could be jeopardized by this procedural rule. The fact that the court in *City of Waukegan* emphasized that review of civil penalties was afforded under the Administrative Review Act does not imply that judicial review under other statutes is insufficient, especially where there are only minor differences in the scope of the reviewing court's powers. The standard of review applicable to orders imposing civil penalties is in all significant respects the same as review of other administrative decisions, and thus plaintiffs' argument in this regard is without merit.

■■■ Plaintiffs' final argument is that the prosecution of civil penalty proceedings under section 18—702 by Commission staff violates the Attorney General provision of the Illinois Constitution. (Ill. Const. 1970, art. V, sec. 15.) Plaintiffs rely on *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 359 N.E.2d 149, a case involving enforcement proceedings and the imposition of civil penalties under the Environmental Protection Act. The court there found that the Attorney General was the sole officer empowered to represent the interests of the State in litigation before the Pollution Control Board. The court held that section 4(e) of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1004(d)) was unconstitutional to the extent that it authorized the institution and prosecution of proceedings before the Environmental Protection Agency by agency staff.

Defendants challenge the standing of plaintiffs to raise this issue, contending that the Attorney General is the only person with standing to contest the delegation of power to the Commission to prosecute

section 18—702 proceedings. Contrary to defendants' assertion, however, issues concerning the attempted delegation of powers reserved to the Attorney General have been addressed when raised by parties other than the Attorney General himself. *People v. Massarella* (1977), 72 Ill. 2d 531, 382 N.E.2d 262; *Stein v. Howlett* (1972), 52 Ill. 2d 570, 289 N.E.2d 409, *appeal dismissed* (1973), 412 U.S. 925, 37 L. Ed. 2d 152, 9 S. Ct. 2750.

Section 79 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 83), as incorporated in the Motor Carrier Law by virtue of section 18—900, provides:

> "It is hereby made the duty of the Commission to see that the provisions of the Constitution and statutes of this State affecting public utilities, the enforcement of which is not specifically vested in some other officer or tribunal, are enforced and obeyed, and that violations thereof are promptly prosecuted and penalties due the State therefor recovered and collected, and to this end it may sue in the name of the People of the State."

Further, section 18—702 provides that the Attorney General becomes involved in civil penalty proceedings only if there is no appeal from the decision of the Commission and a civil action is necessary to collect the penalties. The *Briceland* court found that, under similar provisions in the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, pars. 1004(e), 1030, 1031), the Act contemplated that the Environmental Protection Agency prosecute civil penalty proceedings at the administrative level. The *Briceland* decision is directly in point, and thus the attempted delegation in section 79 of the Public Utilities Act of the Attorney General's virtually exclusive prosecutorial authority violates section 15 of article V of the 1970 Illinois Constitution. This holding does not directly affect the validity of section 18—702 which is silent regarding the role of the Attorney General at the administrative level. Further, the provisions of the Illinois Vehicle Code, of which the Motor Carrier Law is a part, are severable. Ill. Rev. Stat. 1983, ch. 95½, par. 20—203.

For the above reasons, we affirm in part and reverse in part the judgment of the circuit court and enter the following declaration of rights pursuant to our powers under Supreme Court Rule 366(a) (87 Ill. 2d R. 366(a)). Because section 18—702 is a valid delegation of authority to impose civil penalties, the Commission has the power to proceed with the instant proceedings and impose such penalties should the cited violations of plaintiffs be proved. Such proceedings are to be governed by section 60 of the Public Utilities Act concern-

ing the admissibility of evidence; section 200.610 of the Commission Rules of Practice is invalid to the extent that it conflicts with section 60. Further, the Attorney General shall represent the People of the State of Illinois in such proceedings.

Affirmed in part; reversed in part; cross-appeal dismissed.

GREEN, P.J., and McCULLOUGH, J., concur.