The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, AR 72104
Dear Representative McCoy:
This is in response to your request for an opinion concerning whether the levy of a civil penalty by an executive agency regulation is violative of the separation of powers doctrine expressed in Arkansas Constitution, Art. 4, 1 and 2. Specifically, you indicate that the "Department of Human Services"[1] has adopted regulations imposing civil penalties against entities which fail to comply with the "Child Care Facilities Licensing Act" and regulations promulgated pursuant to authority granted in that act. You note that the regulations imposing civil penalties were adopted pursuant to authority granted in A.C.A. 20-78-203.
Although your question is drafted in the abstract, we must determine the answer with reference to the specific facts you have outlined. It is my opinion that in this particular instance, there has been no "separation of powers" violation.
Article 4, Sections 1 and 2 of the Arkansas Constitution provide respectively as follows:
 1. The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 2. No person, or collection of persons, being one of these departments, shall exercise any powers belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
The purported violation of these provisions arises because the legislature has delegated to the Child Care Facilities review board the authority to impose monetary fines for violations of certain laws. The "separation of powers" question is whether this is an unlawful delegation of legislative or judicial authority.
It has been held, with respect to an unlawful delegation of legislative authority, that although the legislature has no right to delegate the lawmaking power to commissions and boards established by the legislature, it may delegate the power to determine facts upon which the law makes or intends to make its action depend, and general provisions may be set forth with powers given to those who are to act under such general provisions to complete the details. McArthur v. Smallwood, 225 Ark. 328,281 S.W.2d 428 (1855). See also, Venhaus v. State ex rel. Lofton,285 Ark. 23, 684 S.W.2d 252 (1985). With respect to an unlawful delegation of judicial authority, the determinative factor in the question of whether the legislature may delegate to an administrative agency the power to impose civil penalties appears to be the extent of the standards or guidelines set out in the statute by the legislature to aid in the agency's decision. As was stated in Southern Illinois Asphalt Co., Inv. v. Environmental Protection Agency, 15 Ill. App.3d 66, 303 N.E.2d 606 (1973).
It therefore appears that our Supreme Court will uphold the constitutionality of a delegation of the power to impose penalties where there are standards or the penalty is merely a matter of a specified amount or simple calculation. By implication it is also reasonable to assume that the court would look with jaundiced eye upon attempts to vest such an agency, with the power, unrestricted by specific statutory standards, to determine and impose penalties.
303 N.E.2d at 614. See also McHugh v. Santa Monica Rent Control Board, 261 Cal.Rptr. 313 (1989); Boles Trucking Inc., v. O'Connor,138 Ill. App.3d 764, 456 N.E.2d 362 (1985); and 63 Opins. Md. Att Gen. 305.
The statutory provision relevant to this question is A.C.A.20-78-203. It provides at subsections (b) and (d) as follows:
 (b) The Child Care Facility Review Board is authorized to impose monetary fines as civil penalties to be paid by a licensee for failure to comply with the provisions of this subchapter or the regulations promulgated pursuant thereto. In determining whether a civil penalty is to be imposed, the following factors shall be considered by the board:
 (1) The gravity of the violation, including the probability that death or serious physical harm to a resident will result or has resulted; the severity and scope of the actual or potential harm; and the extent to which the provisions of the applicable statutes or regulations were violated.
 (2) The "good faith" exercised by the licensee. Indications of good faith include, but are not limited to, awareness of the applicable statutes and regulations and reasonable diligence in securing compliance, prior accomplishments manifesting the licensee's desire to comply with the requirements, efforts to correct, and any other mitigating factors in favor of the licensee;
(3) Any relevant previous violations committed by the licensee;
 (4) The financial benefit to the licensee of committing or continuing the violation.
* * *
 (d) The Child Care Facility Review Board shall publish and promulgate rules and regulations classifying violations as follows:
 (1) Class A violations involve essential standards which must be met for substantial compliance to licensing requirements. These standards address fire, health, safety, nutrition, staff/child ratio, and space. Class A violations are subject to a civil penalty of one hundred dollars ($100) for each violation;
 (2) Class B violations involve administrative standards and standards which do not directly threaten the immediate health, safety, or welfare of the children. Class B violations are subject to a civil penalty of fifty dollars ($50) for each violation;
 (3) Each day of occurrence of a Class A or B violation shall constitute a separate violation. Aggregate fines assessed for violations in any one (1) month shall not exceed five hundred dollars ($500) for Class A violations or two hundred fifty dollars ($250) for Class B violations.
It can be seen from the statute above that the Child Care Facilities Review Board is given specific authority to impose civil penalties for violations of the law. Specific guidelines are set out as to how the determination to impose civil penalties is to be made, and what conduct constitutes a particular classification of penalty. We have not been provided with the regulations in issue. Assuming, however, that they are in conformity with the statute above, and are promulgated pursuant to the authority granted therein, it is my opinion that they fall within the permissive delegative powers enunciated in McArthur v. Smallwood, supra, and within the permissible standard for the exercise of judicial authority, and thus do not violate the "separation of powers" doctrine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It is my assumption that by the "Department of Human Services" you mean the "Child Care Facilities Review Board", as it is the entity empowered to adopt regulations governing civil penalties under A.C.A. 20-78-203.