# UNITED STATES EX REL. CHOTT v. EWING, COMMISSIONER OF PATENTS.

### ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 194.   Argued March 10, 11, 1915.—Decided April 12, 1915.

The provisions of the Judicial Code in regard to the jurisdiction of this court were obviously intended not to increase its jurisdiction but to reduce it.

Although when considered isolatedly there may be conflict between the provisions of the fifth, and of the concluding paragraph of § 250 of the Judicial Code, that conflict can be eliminated by applying the elementary rules of construction of turning primarily to the context of the section and secondarily to provisions *in pari materia.*

Paragraph V of § 250 of the Judicial Code, concerning the validity of an authority of the United States, confers no jurisdiction on this court to review a judgment of the Court of Appeals of the District of Columbia where the question of authority arises under the patent laws of the United States; judgment in such cases is made final by the concluding paragraph of § 250, unless this court exercises its rights of certiorari or the Court of Appeals certifies questions to this court as provided by that paragraph.

Writ of error to review 40 App. D. C. 591, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the Court of Appeals of the Dis-

trict of Columbia under § 250 of the Judicial Code, are stated in the opinion.

*Mr. Joshua R. H. Potts* for plaintiff in error.

*Mr. Assistant Attorney General Warren,* with whom *Mr. R. F. Whitehead* and *Mr. W. S. Ruckman* were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

A brief statement of the origin and nature of the controversy is essential to an understanding of the questions which we are called upon to decide. The relator applied for a patent. His claim was rejected by the primary examiner. He appealed to the Board of Examiners in Chief, and that body, disagreeing with the primary examiner, reversed his decision and sustained the claims of the patent. By authority of the Commissioner the primary examiner then made a further investigation and directed the attention of the Commissioner to additional patents which it was deemed demonstrated that the invention was not patentable. Thereupon the Commissioner, coinciding with such opinion, approved the action of the primary examiner and decided that the invention was not patentable. The Commissioner, however, did not then formally reject the claim to patent but wrote to the applicant calling attention to the authority of the Commissioner to review the case personally despite the favorable action of the Board of Examiners in Chief and assigning a day when a hearing would be afforded as to the patentability of the invention. The applicant challenged the right of the Commissioner to act in the premises and insisted that as a result of the conclusions of the Board of Examiners in Chief he was

entitled to a patent and that it was the plain ministerial duty of the Commissioner to direct it to issue. The Commissioner then filed an opinion insisting upon his authority and pointing out the reasons which caused him to conclude that the invention was not patentable. The opinion concluded with the statement, "I am clearly of the opinion that the application sets forth nothing upon which a patent can properly be based. The claims are therefore rejected and the patent refused. Appeal from this decision to the Court of Appeals should be taken, if at all, within the time prescribed by the rules of that court."

Instead of taking the appeal as thus suggested, the relator commenced this proceeding by mandamus in the Supreme Court of the District to compel the issue of the patent. From a judgment in his favor ordering the mandamus as prayed the Commissioner and the primary examiner prosecuted error to the Court of Appeals. That court, concluding that it was without authority to control the Commissioner in the performance of his administrative duties by the writ of mandamus, reversed the action of the trial court, directed the dismissal of the application for mandamus, reserving however the right of the relator to seek by appeal (Rev. Stat. § 4911) the redress of any wrong which it was deemed had been committed by the Commissioner in refusing to direct the issue of the patent, and this writ of error is prosecuted to that judgment. 40 App. D. C. 591.

At the threshold our jurisdiction to review is disputed on the ground that the concluding paragraph of § 250 of the Judicial Code upon which our jurisdiction depends provides that "Except as provided in the next succeeding section, the judgments and decrees of said Court of Appeals [of the District of Columbia] shall be final in all cases arising under the patent laws," and that the exception embraced in the subsequent section includes

only- the discretionary right to certiorari and the power of the Court of Appeals to certify a question under the circumstances provided. On the other hand, it is insisted jurisdiction obtains because of the right of this court to review the judgments and decrees of the Court of Appeals of the District conferred by the fifth paragraph of § 250, that is, "in cases in which the validity of any authority exercised under the United States, or the existence or scope of any power or duty of an officer of the United States is drawn in question." Our jurisdiction is therefore to be determined by fixing the meaning of these two provisions. It cannot be doubted that isolatedly considering the text of the fifth paragraph the controversy comes within its terms, that is, it involves the validity of an authority exercised under the United States or draws in question the existence or scope of the power of an officer of the United States. So also it is not substantially disputable, although the contrary is argued, that isolatedly considered the case is excluded from our jurisdiction because it is within the last paragraph of § 250, that is, is one arising under the patent laws since it depends upon those laws and concerns the very right and authority to issue a patent as provided by those laws. Looked at isolatedly, therefore, there is absolute conflict between the two provisions. But even if the method of isolated consideration were not otherwise plainly a mistaken one, it follows that it cannot be adopted since it affords no possible solution of the controversy. Such solution must therefore be sought by following the elementary rules, that is, by turning primarily to the context of the section and secondarily to provisions *in pari materia* as affording an efficient means for discovering the legislative intent in enacting the statute thereby vivifying and enforcing the remedial purposes which it was adopted to accomplish.

From the point of view of the context, as it is manifest

that the provisions in the concluding clause were enacted as exceptions or limitations upon the grant of jurisdiction contained in the previous passage of § 250, it clearly results that it was not contemplated that the power conferred by the fifth paragraph would extend to and embrace the cases wherein by the last paragraph the judgments or decrees of the Court of Appeals of the District of Columbia were made final. This being true, it hence also is necessarily true that the fifth paragraph concerning the validity of an authority confers no jurisdiction on this court to review a case where the question of authority arises under the patent laws of the United States. Indeed it would be very unreasonable to assume that jurisdiction was conferred to review the action of the Court of Appeals in all cases in which its authority was exerted to direct the officials of the Patent Office under the patent laws to issue a patent, and yet no power was reserved to review the action of that court in determining after the issue of a patent whether it was or was not rightfully issued. And the cogency of this view becomes at once apparent when it is considered that prior to the enactment of the Judicial Code, under § 233 of the District Code (31 Stat. 1227) jurisdiction of this court to review the judgments or decrees of the Court of Appeals of the District embraced cases "without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent," a provision not preserved in § 250 of the Judicial Code. But the question is hardly an open one since it has been expressly held that the power does not exist in this court to review the Court of Appeals of the District of Columbia in a criminal case which would obtain under § 250 but for the provision of the last paragraph making final the action of that court in criminal cases. *Gompers* v. *United States*, 233 U. S. 604. And by analogy a like consideration when applied to the sections of the statute concern-

ing the jurisdiction of this court to review the judgments of Circuit Courts of Appeals has led to a like conclusion. *Macfadden* v. *United States*, 213 U. S. 288. Besides, when looked at comprehensively, in view of the fact that the provisions of the Judicial Code were obviously intended not to enlarge the jurisdiction of this court but to relieve it, and considering in this light the omissions and the limitations therein expressed and the power to certiorari stated in § 251, the conclusion is irresistible that the intent and purpose of the act was, while narrowing the imperative jurisdiction, to create an equipoise by extending the voluntary or discretionary exercise of jurisdiction by means of the writ of certiorari,—a purpose which would be wholly frustrated if the contention as to jurisdiction now insisted upon were sustained.

*Dismissed for want of jurisdiction.*