THE COUNTY OF WILL, Plaintiff-Appellee, v. THE CITY OF NAPER-VILLE, Defendant-Appellant.

Third District   No. 3—91—0024

Opinion filed March 26, 1992.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (Marvin J. Glink and David Lincoln Ader, of counsel), for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

In this case the City of Naperville (city) and the County of Will (county) each claim the power to zone a parcel of land. The trial court found in favor of the county. We affirm.

The city purchased a 40-acre parcel of land in unincorporated Will County. The parcel was not contiguous to the corporate limits of the city nor was it geographically situated to permit annexation by the city. The parcel was zoned A-1 (agricultural) under the county zoning ordinance. In accordance with the city's plan to place a fire station, maintenance facility, water storage tanks and other structures on the property, the city sought and received approval from the Naperville Plan Commission and the city council to zone the property R-1 (low-density single-family residence) with a conditional use permit for municipal uses. This was done by city ordinance. The city began to prepare the site, including injecting sludge into the property, applying compost over the ground and building earthen berms. The county then claimed that the city's action violated the county's zoning ordi-

nance which prohibited the filling of land without obtaining a site development permit. The county also claimed that use of the land was restricted to agricultural purposes unless the city obtained a special use permit. The county sought a declaratory judgment that the parcel was subject to the Will County zoning ordinance and a permanent injunction seeking to prevent the city from filling the land, to prevent further violations of the county zoning ordinance and to require the city to restore the land to its former condition. The county relied on section 5—12001 of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 5—12001) and section 11—13—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 11—13—1), while the city believed that section 7—4—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 7—4—2) should be controlling. The circuit court found that the parcel of land was subject to the county zoning ordinance and ordered the city to cease development of the property and apply to the county for a site development permit. This appeal followed.

The issue presented by this case may be stated simply: does the city have the power to zone its property which lies outside the city's corporate limits or does that power belong to the county? The county relies upon two statutory sections to support its position. Section 5—12001 of the Counties Code grants general zoning authority to the county over lands outside the limits of cities, villages and incorporated towns which have municipal zoning ordinances. This section also provides:

"Nothing in this Division shall be construed to restrict the powers granted by statute to cities, villages and incorporated towns as to territory contiguous to but outside of the limits of such cities, villages and incorporated towns. Any zoning ordinance enacted by a city, village or incorporated town shall supersede, with respect to territory within the corporate limits of the municipality, any county zoning plan otherwise applicable." Ill. Rev. Stat. 1989, ch. 34, par 5—12001.

The county does not contend that section 5—12001 limits the zoning power of the city. The county simply notes that this section contains a specific grant of power to the county to zone unincorporated areas. The county maintains, however, that section 11—13—1 of the Illinois Municipal Code restricts the city's zoning power and prohibits it from exercising that power beyond city limits. That section provides, in relevant part:

"The powers enumerated may be exercised within the corporate limits or within contiguous territory not more than one

and one-half miles beyond the corporate limits and not included within any municipality. \*\*\* No municipality shall exercise any power set forth in this Division 13 outside the corporate limits thereof, if the county in which such municipality is situated has adopted 'An Act in relation to county zoning', approved June 12, 1935, as amended." (Ill. Rev. Stat. 1989, ch. 24, par. 11—13—1.)

The "Division 13" referred to above is that part of the Illinois Municipal Code which grants general zoning powers to municipalities.

On the other hand, the city argues that it has absolute authority over the parcel of land in question on the basis of section 7—4—2 of the Illinois Municipal Code, which states:

"All property which (1) is owned by a municipality, and (2) lies outside the corporate limits of the municipality, and (3) does not lie within the corporate limits of any municipality, shall be subject to the ordinances, control, and jurisdiction of the municipality in all respects the same as the property owned by the municipality which lies within the corporate limits thereof." Ill. Rev. Stat. 1989, ch. 24, par. 7—4—2.

The city contends that the plain language of section 7—4—2 gives the city the same power and control over the outlying 40-acre parcel as it has over property within the corporate limits. Since the city has the power to zone property lying within city limits, the city maintains that it possesses the same power over the property in question. The county argues, however, that since section 7—4—2 does not specifically refer to zoning, any power in this regard is at best implied by the statutory language. Such an implied power cannot exist, according to the county, where that power has been *explicitly granted* to the county by section 5—12001 of the Counties Code and has been *explicitly denied* to the city by section 11—13—1 of the Illinois Municipal Code.

We find the county's argument persuasive. Section 7—4—2 of the Municipal Code, on which the city relies, is a general provision describing the jurisdictional scope of a municipality's authority. The powers of a municipality are set forth in article 11 of the Code. Division 13 of article 11 details a municipality's zoning powers. The power to zone outside the corporate limits is specifically and unambiguously denied by section 11—13—1 when the county has enacted a zoning ordinance. This specific statutory provision is controlling and cannot be broadened by reference to the general jurisdictional provisions of section 7—4—2. See *People v. Singleton* (1984), 103 Ill. 2d 339, 469

N.E.2d 200 (specific statutory provisions control over general provisions).

Nor do we find that section 1—9—1 of the Illinois Municipal Code, upon which the city relies, requires a different result. That section states in part:

> "The provisions of this Code shall be cumulative in effect and if any provision is inconsistent with another provision of this Code *** it shall be considered as an alternative or additional power and not as a limitation upon any other power granted to or possessed by municipalities." (Ill. Rev. Stat. 1989, ch. 24, par. 1—9—1.)

This section is part of the general savings and grandfathering provisions of the Illinois Municipal Code, enacted to avoid problems resulting from the fact that the Code is a compilation of provisions enacted over decades. As stated above, section 7—4—2 describes the general jurisdictional authority of municipalities regarding property owned outside the corporate limits. Section 11—13—1 sets forth the specific zoning power, including limitations on that power. These provisions are not inconsistent. One describes in broad terms the general jurisdictional authority while the other delineates the specific powers which may be exercised within that authority. The general language of section 1—9—1 may not be used to amend and broaden specific statutory grants of power.

Finally, the city's status as a home rule unit does not endow it with any extraterritorial zoning authority. (*City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19.) Such extraterritorial governmental powers may only be conferred by the legislature. (*City of Carbondale*, 61 Ill. 2d 483, 338 N.E.2d 19; *City of Peoria v. Keehner* (1983), 115 Ill. App. 3d 130, 449 N.E.2d 1376.) Contrary to the city's contention, we find that section 7—4—2 does not include the zoning power which the city seeks to exercise in this case.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

GORMAN and STOUDER, JJ., concur.