(No. 88597

ILLINOIS PRESS ASSOCIATION *et al.*, Appellees, v.
GEORGE H. RYAN, Appellant.

*Opinion filed January 19, 2001.*

James E. Ryan, Attorney General, of Springfield (Joel
D. Bertocchi, Solicitor General, and Michael P. Doyle, As-

sistant Attorney General, of Chicago, of counsel), for appellant.

Donald M. Craven, of Craven & Thornton, P.C., of Springfield, and Dale Cohen, of Chicago, for appellees.

JUSTICE MILLER delivered the opinion of the court:

The plaintiffs, the Illinois Press Association and many of its member newspapers, brought this action for a declaratory judgment in the circuit court of Sangamon County against the Governor of the State of Illinois, George H. Ryan. The plaintiffs sought a determination that a provision of the Illinois Constitution requires that ethics commissions created under the State Gift Ban Act (5 ILCS 425/1 *et seq.* (West 1998)) conduct their proceedings in public. The circuit court held that proceedings of one of the commissions established by the Act, that serving the legislative branch, must be public, to comply with the constitution. The Governor brings this appeal. 134 Ill. 2d R. 302(a)(1).

The State Gift Ban Act prohibits various officers and employees of the three branches of state government from soliciting or receiving gifts from certain sources. To enforce the provisions of the legislation, the Act establishes separate ethics commissions, applicable to employees and officers of the executive branch generally, of four other constitutional offices—Attorney General, Secretary of State, Comptroller, and Treasurer—and of the legislative and judicial branches. 5 ILCS 425/45 (West 1998). The Act also prescribes procedures that the commissions must follow when considering ethics complaints filed against persons subject to the Act's requirements. The Act directs the commissions to meet in closed session at various stages of these proceedings. 5 ILCS 425/60(c), (d) (West 1998).

In May 1999, the Illinois Press Association and a number of its members filed the instant action in the

circuit court of Sangamon County. The plaintiffs sought a declaration that the ethics commissions created by the Act must conduct their proceedings in public. The plaintiffs argued that public proceedings were required by article IV, section 5(c), of the Illinois Constitution, which provides:

"Sessions of each house of the General Assembly and meetings of committees, joint committees and legislative commissions shall be open to the public. Sessions and committee meetings of a house may be closed to the public if two-thirds of the members elected to that house determine that the public interest so requires; and meetings of joint committees and legislative commissions may be so closed if two-thirds of the members elected to each house so determine." Ill. Const. 1970, art. IV, § 5(c).

The Governor moved to dismiss the action. The Governor argued that the plaintiffs lacked standing to bring the suit because there did not then exist any actual controversy regarding the proceedings of any of the ethics commissions. The Governor also contended that he was not a proper party defendant in the case because he had no authority or control over the various commissions, beyond his power to appoint the members of one of the commissions, that for the Governor. See 5 ILCS 425/45(a)(1) (West 1998). With respect to the merits of the plaintiffs' complaint, the Governor argued that the commissions established by the Act were not "legislative commissions" and therefore did not fall within the purview of article IV, section 5(c), of the Illinois Constitution.

The circuit judge rejected the Governor's argument that no controversy existed. The judge believed that the plaintiffs could seek declaratory relief in advance of commission proceedings. The judge also concluded that the Governor was a proper party defendant in a case like this, involving a challenge to the constitutionality of a state statute. The circuit judge determined, however, that the only ethics commission to come within the scope

of the provision in article IV, section 5(c), of the Illinois Constitution was the one created for the legislative branch, because only its members were appointed by the legislature. The judge therefore allowed the plaintiffs' action to proceed only with respect to that commission.

The circuit judge later heard arguments on the application of article IV, section 5(c), to the legislative branch's ethics commission. In a written order, the court ruled that the constitutional provision applied to the commission and that the proceedings of the commission must therefore be public. The court noted that the General Assembly, in enacting the Gift Ban Act, did not exempt the ethics commission serving the legislature from the requirements of article IV, section 5(c), as the legislature is authorized to do under that provision. Because the effect of the court's ruling was to invalidate, on constitutional grounds, the provisions of section 60 of the Gift Ban Act directing the General Assembly's ethics commission to meet in closed session, the Governor brings the present appeal directly to this court. 134 Ill. 2d R. 302(a)(1).

The Governor renews here his contention that he is not a proper party defendant in this action. The Governor observes that he has no authority or control over the operations of the legislative branch's ethics commission, which is the sole focus of the present appeal, and he maintains that any ruling or remedy entered in the case cannot be binding on the commission or its members. The Governor concludes that the instant appeal must be dismissed because he is the only defendant in the matter. We agree.

Declaratory relief may be obtained only when there is "an actual controversy between adverse parties." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 493 (1988). A court should "refuse to enter a declaratory judgment or order, if it appears that the judg-

ment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding." 735 ILCS 5/2—701(a) (West 1998).

We do not believe that the Governor is a proper party to this action. The only ethics commission at issue here is the one that serves the legislative branch. The Governor represents a different branch of government, however. He has no authority over the legislative branch's commission; he does not select its members or exercise any control over the manner in which it conducts its proceedings. The plaintiffs and the Governor are not adverse parties to any dispute involving the ethics commission for the legislative branch of government. Accordingly, we do not believe that the present case involves an actual controversy between the plaintiffs and the Governor, a prerequisite for declaratory relief. See *Saline Branch Drainage District v. Urbana-Champaign Sanitary District*, 399 Ill. 189, 195-96 (1948). The plaintiffs' claim here centers on the statutory provision that directs the legislative branch ethics commission to meet in closed session at certain stages in the proceedings. In granting the plaintiffs relief, the circuit court directed the commission to make its meetings "open to the public to the extent mandated by the Illinois Constitution." The plaintiffs' argument thus challenges the manner in which the commission conducts its business and the way in which it would apply the statute, as enacted. But as the federal court of appeals has noted:

> "A person aggrieved by the application of a legal rule does not sue the rule *maker*—Congress, the President, the United States, a state, the state's legislature, the judge who announced the principle of common law. He sues the person whose acts hurt him." (Emphasis in original.) *Quinones v. City of Evanston*, 58 F.3d 275, 277 (7th Cir. 1995).

In the present case, the plaintiffs have brought this action against the Governor in his capacity as chief executive. But the absence of any connection between the

Governor and the subject of the suit—the actions of the legislative branch's ethics commission—demonstrates to us that the Governor is not a proper party to defend the challenged legislation. When the circuit court limited the scope of the plaintiffs' action to the legislative branch ethics commission, the court also effectively severed any possible connection between the only named defendant and the case. For these reasons, too, any order entered in this case directing the commission to meet publicly rather than in closed session would not bind the commission or its members, for they are not parties to this action. See *Zurich Insurance Co. v. Baxter International, Inc.*, 173 Ill. 2d 235, 246 (1996). Thus, an adjudication of the merits of this appeal, involving only these parties, would constitute merely an advisory opinion.

Opposing this result, the plaintiffs argue that this court allowed a similar action to go forward against Governor Edgar in *Messenger v. Edgar*, 157 Ill. 2d 162 (1993). The plaintiff in that case brought suit against the Governor and the Attorney General, seeking a declaration that a provision in the Illinois Marriage and Dissolution of Marriage Act was unconstitutional, and the case was resolved on its merits, even though the Governor was named a party to the action and had no direct relationship to or control over the legislation challenged there. The plaintiffs in the present case thus argue that, just as the statute in *Messenger* could be challenged in a declaratory judgment action against the Governor and the Attorney General, so too should we allow the present suit to proceed against the Governor.

This court's opinion in *Messenger* discussed the plaintiff's standing to bring the suit, but the opinion did not also examine whether either the Governor or the Attorney General was a proper party to the action, for the defendants' status as proper parties was not questioned there. Accordingly, we do not believe that *Messenger*

stands for the proposition the plaintiff would derive from it. See *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 376 (1977) ("We note, however, that in none of these decisions was the question of standing raised. Those decisions, therefore, are not authority for the position urged by the plaintiff").

Two other cases cited by the plaintiffs do not compel a different result. *Doe v. Scott*, 321 F. Supp. 1385 (N.D. Ill. 1971), *vacated on other grounds*, 410 U.S. 950, 35 L. Ed. 2d 682, 93 S. Ct. 1410 (1973), involved a challenge in federal court to an Illinois abortion statute. The district court concluded that the Attorney General was a proper defendant in that case. The court found that the Attorney General, as the chief legal representative of the state, had an interest in the enforcement and validity of the challenged legislation, given his responsibility to prosecute violations of the statute. The present action, in contrast, has been brought against the Governor alone, who has no connection with or authority over the subject of the action—the legislative branch ethics commission.

*Koehler v. Ogilvie*, 53 F.R.D. 98 (N.D. Ill. 1971), also cited by the plaintiffs, involved a challenge in federal court to the application and facial validity of certain Illinois divorce laws. Regarding the plaintiffs' challenge to the application of the statutes, the court concluded that the Governor and other defendants were not proper parties to the proceeding, because they had no role in the adjudication of divorce cases. With respect to the challenge to the facial validity of the statutes, the court declined to address the defendants' argument that they were not proper parties to the action because of their immunity as public officials. Noting that the defendants must possess some connection to the challenged laws to be proper parties, the court found the record incomplete concerning their relationship to the enforcement of decrees rendered under the statutes. The court ultimately

declined to exercise its jurisdiction over the case, however, deferring to the state courts under the abstention doctrine.

Unlike *Koehler*, the case at bar presents no uncertainty regarding the absence of any connection between the Governor and the legislation challenged here. As noted above, the Governor has no role in the selection of the members of the legislative branch ethics commission, and no authority over the proceedings conducted by that commission. Moreover, support for the present holding may be found in the federal court's first determination in *Koehler*, noted above, that the Governor and other named defendants were not proper parties to the portion of the action challenging the applications of the laws. Just as the defendants in that case had no role in the allegedly improper application of the statutes, the Governor in the present case possesses no control over the legislative branch ethics commission's compliance or noncompliance with the constitutional provision forming the basis for the plaintiffs' challenge here.

For the reasons stated, the judgment of the circuit court of Sangamon County is vacated, and the appeal is dismissed.

*Vacated and dismissed.*