NO. 4-03-0878

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE VILLAGE OF CHATHAM, ILLINOIS,

an Illinois Municipal Organization,

          Plaintiff-Appellee,

          v.

THE COUNTY OF SANGAMON, ILLINOIS,

an Illinois Body Corporate and Politic,

          Defendant-Appellant.

)

)

)

)

)

))))

Appeal from

Circuit Court of

Sangamon County

No. 02MR161 

Honorable

Leslie J. Graves, 

Judge Presiding.

______________________________________________________________________________

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant, County of Sangamon (County), appeals the trial court's grant of summary judgment in favor of plaintiff, Village of Chatham (Village), and its finding that Division 15.1 (65 ILCS 5/11-15.1-1 through 11-15.1-5 (West 2002)) of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/1-1-1 through 11-152-4 (West 2002)) granted the Village zoning and building-code jurisdiction over lands subject to annexation agreements.  Specifically, the County argues (1) the court erred in finding the Village had zoning and building-code jurisdiction; (2) section 11-15.1-2.1 is unconstitutional special legislation; (3) the court's interpretation of Division 15.1 made it an invalid exercise of police power; (4) issues of material fact existed to preclude summary judgment; and (5) declaratory judgment was improper.  We affirm.  

I. BACKGROUND

A. Overview of Relevant Statutory and Case Law 

In 1963, the Illinois legislature passed Division 15.1 of the Municipal Code, granting municipalities the power to enter into annexation agreements with owners of unincorporated territory, providing that the land could be annexed to the municipality once it became contiguous to the property.  1963 Ill. Laws 2157 (eff. July 31, 1963) (adding Ill. Rev. Stat. 1963, ch. 24, pars. 11-15.1-1 through 11-15.1-5
).  In 1989, the Second District held the land subject to these agreements had to be contiguous.  Annexation agreements concerning noncontiguous land were declared invalid.  
Village of Lisle v. Action Outdoor Advertising Co.
, 188 Ill. App. 3d 751, 544 N.E.2d 836 (1989) (Second District).  In 1990, the legislature amended section 11-15.1-1 of the Municipal Code to provide for municipal jurisdiction over the lands subject to annexation agreements and to permit annexation agreements to cover noncontiguous lands as follows:

"Property that is the subject of an annexation agreement adopted under this [s]ection is subject to the ordinances, control, and jurisdiction of the municipality in all respects the same as property owned by the municipality that lies within its corporate limits.

Lack of contiguity to the municipality of property that is the subject of an annexation agreement does not affect the validity of the agreement whether approved by the corporate authorities before or after the effective date of this amendatory Act of 1990."  Pub. Act 86-1169, §1, eff. January 1, 1991 (1990 Ill. Laws 1611, 1612-13).

In 1993, the first paragraph quoted above was moved to a new section (11-15.1-2.1) of the Municipal Code, and a provision mandating contiguity as a condition of jurisdiction in Cook County, the collar counties, and the metro-east area was added.  Pub. Act 87-1137, §1, eff. January 1, 1993 (1992 Ill. Laws 3091); as amended, see 65 ILCS 5/11-15.1-1, 11-15.1-2.1 (West Supp. 1993).

In April 2001, this court decided 
City of Springfield v. Judith Jones Dietsch Trust
, 321 Ill. App. 3d 239, 746 N.E.2d 1272 (2001), to determine whether the City of Springfield or the Village had jurisdiction to regulate the subdivision of property contiguous to Springfield and within its statutory planning jurisdiction but subject to an annexation agreement between the property owner and the Village.  This court held in cases where property is subject to conflicting claims of jurisdiction, the annexing municipality's subdivision and zoning jurisdiction overrides another municipality's statutory grant of planning jurisdiction over its formerly unincorporated planning area. 

In January 2002 and July 2002, this court held the City of Springfield had statutory rights superior to both the Village and the County to regulate septic systems extraterritorially, even over lands subject to an annexation agreement, pursuant to section 11-125-2 of the Municipal Code and section 96.019 of City of Springfield Code of Ordinances.  
City of Springfield v. Hashman
, No. 4-01-0002 (January 17, 2002) (unpublished order under Supreme Court Rule 23), 
vacated
 
&
 
reconsidered
, 332 Ill. App. 3d 748, 774 N.E.2d 427 (2002); Springfield Code of Ordinances, ch. 96, §96.019 (1988).  In its later resolution, this court did not discuss 
Judith Jones Dietsch Trust
 or consider the City's arguments concerning the annexation agreement and zoning ordinances.

B. Procedural Background of This Controversy

In March 2003, the Village filed a complaint against the County for declaratory judgment that it had zoning and building-code jurisdiction over the lands subject to annexation agreements pursuant to section 11-15.1-2.1 of the Municipal Code.  In May 2002, the County filed a counterclaim for declaratory judgment that it, not the Village, had legal jurisdiction over the lands in issue for zoning, building-code, and Plat Act (765 ILCS 205/1 through 14 (West 2002)) purposes.  The County later dropped the Plat Act portion of the counterclaim.

The County also filed two affirmative defenses to the Village's claim.  The County claimed section 11-15.1-2.1 of the Municipal Code was unconstitutional as special legislation.  It also claimed Division 15.1 was an invalid exercise of police powers.

In May 2002, while awaiting the outcome of this litigation, the Village and County entered into a stipulation whereby both the County and Village could issue building permits for lands subject to annexation agreements but only the County would charge a fee.  Those fees are maintained by the clerk of the county and held in escrow until the resolution of this case.    

In June 2002 and October 2002, the Village and the County filed cross-motions for summary judgment.  In June 2003, the trial court granted summary judgment in favor of the Village.  The court found "Division 15.1 of the Municipal Code grants jurisdiction over lands subject to annexation agreements."  The court relied on this court's holding in 
Judith Jones Dietsch Trust
 and agreed with the Village that "the intent of the legislature's amendments to [Division 15.1] following 
Lisle
 was an overt attempt to overrule that decision legislatively and give full extraterritorial building and zoning jurisdiction over lands subject to annexation agreements."
  This appeal followed.

II. ANALYSIS

We must determine whether the Village or the County has zoning and building-code jurisdiction of unincorporated property within the statutory zoning jurisdiction of the County but subject to an annexation agreement with the Village.  This case is on appeal from the trial court's grant of a motion for summary judgment in favor of the Village.

Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, if any, show no genuine issues as to any material fact appear and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2002); 
First of America Bank v. Netsch
, 166 Ill. 2d 165, 176, 651 N.E.2d 1105, 1110 (1995).  Where the matter before the trial court can be decided as a question of law, summary judgment is appropriate.  
Netsch
, 166 Ill. 2d at 176, 651 N.E.2d at 1110.  The interpretation of a statute is a question of law, and we review the trial court's interpretation 
de
 
novo
.  
Hall v. Henn
, 208 Ill. 2d 325, 328, 802 N.E.2d 797, 798 (2003).  

A. Zoning and Building-Code Jurisdiction

The County argues it has zoning jurisdiction under section 11-13-1 of the Municipal Code and building-code jurisdiction pursuant to section 5-1063 (55 ILCS 5/5-1063 (West 2002)) of the Illinois Counties Code (Counties Code) (55 ILCS 5/1-1001 through 7-1001 (West 2002)).  The Village contends Division 15.1 of the Municipal Code controls and grants municipalities zoning and building-code jurisdiction in areas governed by annexation agreements.  

Unless expressly granted by the legislature, municipalities have no jurisdiction beyond their corporate limits.  
Petterson v. City of Naperville
, 9 Ill. 2d 233, 243, 137 N.E.2d 371, 377 (1956).
   Section 11-13-1 of the Municipal Code grants a municipality zoning power within its corporate limits and within contiguous territory not more than 1 1/2 miles beyond the municipality's corporate limits and not belonging to another municipality.  65 ILCS 5/11-13-1 (West 2002).  This section limits the zoning power of municipalities in counties with a zoning plan as follows:

"No municipality shall exercise any power set forth in this Division 13 outside the corporate limits thereof, if the county in which such municipality is situated has adopted 'An Act in relation to county zoning', approved June 12, 1935, as amended." 65 ILCS 5/11-13-1 (West 2002).

Section 5-1063 of the Counties Code grants counties building-code power over buildings located outside a municipality's corporate limits as follows:

"For the purpose of promoting and safeguarding the public health, safety, comfort[,] and welfare, a county board may prescribe by resolution or ordinance reasonable rules and regulations *** governing the construction and alteration of all buildings *** where such buildings *** are located outside the limits of cities, villages[,] and incorporated towns, but excluding those for agricultural purposes on farms including farm residences."  55 ILCS 5/5-1063 (West 2002).

Pursuant to section 11-15.1-2(b) of the Municipal Code, annexation agreements can provide for, among other things:

"(b) The continuation in effect, or amendment, or continuation in effect as amended, of any ordinance relating to subdivision controls, zoning, official plan, and building, housing[,] and related restrictions; provided, however, that any public hearing required by law to be held before the adoption of any ordinance amendment provided in such agreement shall be held prior to the execution of the agreement, and all ordinance amendments provided in such agreement shall be enacted according to law." 65 ILCS 5/11-15.1-2(b) (West 2002).

The property subject to these agreements is "subject to the ordinances, control, and jurisdiction of the annexing municipality in all respects the same as property that lies within the annexing municipality's corporate limits."  65 ILCS 5/11-15.1-2.1(a) (West 2002).

The interpretation of a statute is a matter of law, and we review the trial court's decision 
de
 
novo
.  
County of Knox v. The Highlands, L.L.C.
, 188 Ill. 2d 546, 551, 723 N.E.2d 256, 260 (1999).  "The fundamental rule of statutory interpretation is to give effect to the intention of the legislature."  
County of Knox
, 188 Ill. 2d at 556, 723 N.E.2d at 263.  We first look to the words of the statute as the best indication of legislative intent.  
County of Knox
, 188 Ill. 2d at 556, 723 N.E.2d at 263.  If the plain language of the statute is clear, it must be given effect without looking to other tools of statutory construction.  
County of Knox
, 188 Ill. 2d at 556, 723 N.E.2d at 263.  We will not depart from the plain language of the statute and find exceptions, limitations, or conditions that conflict with the clear legislative intent.  
County of Knox
, 188 Ill. 2d at 556, 723 N.E.2d at 263.  Language free from ambiguity and doubt will be given effect even if the consequences are harsh, absurd, or unwise.  
County of Knox
, 188 Ill. 2d at 557, 723 N.E.2d at 263.

 Looking to the language of Municipal Code sections 11-13-1 and 11-15.1-2.1 and County Code section 5-1063, we find the language of the provisions clear and unambiguous.  Under section 11-13-1, a county that has adopted a county zoning ordinance has authority to exercise zoning jurisdiction over land within the county and outside a municipality's corporate limits.  65 ILCS 5/11-13-1 (West 2002).  Counties Code section 5-1063 permits a county board to adopt rules and ordinances governing building construction outside a municipality's corporate limits.  55 ILCS 5/5-1063 (West 2002).  Municipal Code section 11-15.1-2.1 grants a municipality jurisdiction over an area subject to an annexation agreement as if the property were within the municipality's corporate limits.  65 ILCS 5/11-15.1-2.1(a) (West 2002).

We presume the legislature, in enacting different statutes, acted rationally and with full knowledge of other statutes and judicial decisions concerning existing law.  
State of Illinois Secretary of State v. Mikusch
, 138 Ill. 2d 242, 247-48, 562 N.E.2d 168, 170 (1990).  We further presume the legislature would not enact a law that completely contradicts an earlier statute without expressly repealing that statute.  
Mikusch
, 138 Ill. 2d at 248, 562 N.E.2d at 170.  A construction allowing both statutes to stand will be favored.  
Mikusch
, 138 Ill. 2d at 248, 562 N.E.2d at 170.   

Despite these presumptions, we find the statutes in question directly conflict with one another, and we now must determine which statute prevails.  See generally R. Cope, 
Annexation Agreements-Boundary Agreements: Walking a Fine Line Into the Future--A Map of the Dangers to the Unwary Land Use Traveler
, 17 N. Ill. U. L. Rev. 377, 380-82 (1997) (noncontiguous property not annexed within a short period of time may present problems in regard to conflicting zoning concepts between a county and municipality). 
   

The County argues the specific statutory provisions relating to the county's zoning and building-code jurisdiction control over the general jurisdictional provisions concerning annexation agreements.  Further, Division 15.1's provision relating to zoning can be construed 
in
 
pari
 
materia
 with the long-standing specific zoning statutes.  Specifically, the County argues this issue is controlled by the Third District's decision in 
County of Will v. City of Naperville
, 226 Ill. App. 3d 662, 589 N.E.2d 1090 (1992).  

In 
County of Will
, the county and city disputed zoning jurisdiction over lands owned by the city but not within or contiguous to the corporate limits of the city.  The county argued it had zoning jurisdiction pursuant to section 11-13-1 of the Municipal Code, while the city claimed jurisdiction under section 7-4-2.  Similar to the language in the statute at issue in this case, section 7-4-2 provided that land owned by the municipality but outside its corporate limits 
"
shall be subject to the ordinances, control, and jurisdiction of the municipality in all respects the same as the property owned by the municipality which lies within the corporate limits thereof
."  (Emphasis added.)  Ill. Rev. Stat. 1989, ch. 24, par. 7-4-2.

The Third District held the statutes were not inconsistent
, but that section 7-4-2 was a general provision describing the jurisdictional scope of a municipality's authority, while section 11-13-1 specifically detailed a municipality's zoning powers
.  The court held section 11-13-1 was controlling and could not be broadened by the general jurisdiction provisions of section 7-4-2.  
County of Will
, 226 Ill. App. 3d at 664, 589 N.E.2d at 1092.

The Village argues 
County of Will
 is not controlling because the Third District specifically noted the jurisdictional statute at issue never mentioned zoning, whereas section 11-15.1-1 specifically permits annexation agreements to incorporate zoning-, subdivision-, and building-regulation provisions.  The Village argues these provisions are nonsensical without zoning and building-control jurisdiction.  The Village also argues Division 15.1 of the Municipal Code is controlling because it was enacted long after section 11-13-1 and therefore represents the legislature's most recent pronouncement on this issue.    

Where two statutes appear to be in conflict, the more specific controls over the more general.  
Mikusch
, 138 Ill. 2d at 254, 562 N.E.2d at 173.  A general statute is one that applies to cases generally while a specific statute is particular and relates to only one subject.  
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563 (1992).  At the same time, where two statutes are equally applicable to a particular set of facts, the more recent controls.  
Mikusch
, 138 Ill. 2d at 254, 562 N.E.2d at 173; see N.  Singer, Sutherland on Statutory Construction §51.02, at 186-87 (6th ed. 2000) ("Where two statutes are involved each of which by its terms applies to the facts before the court, the statute which is the more recent of the two irreconcilably conflicting statutes prevails or one of the statutes can be deemed an exception to the general rule enunciated").

Although similar to the provisions considered in 
County of Will
, we find the provisions in this case to be considerably more specific.  Division 15.1 of the Municipal Code makes clear the zoning provisions of annexation agreements are enforceable for the effective period of the agreement up to 20 years.  
Langendorf v. City of Urbana
, 197 Ill. 2d 100, 107, 754 N.E.2d 320, 323-24 (2001).  Further, section 11-15.1-1 of the Municipal Code permits a municipality to enter into annexation agreements with owners of land not contiguous to the municipality.  65 ILCS 5/11-15.1-1 (West 2002).  Section 11-13-1 of the Municipal Code and section 5-1063 of the Counties Code (55 ILCS 5/5-1063 (West 2002)) specifically concern zoning and building-code jurisdiction, while Division 15.1 of the Municipal Code specifically concerns lands subject to annexation agreements.  The question at issue in this case concerns 
zoning
 and 
building
-
code
 
jurisdiction
 over 
lands
 
subject
 
to
 
annexation
 
agreements
, thus the specifics of each statute are implicated.  We find the most recent legislative pronouncement, Division 15.1, controlling
.

Even assuming section 11-13-1 of the Municipal Code and section 5-1063 of the Counties Code are more specific to the issues in this case, a more specific statute will not control where it appears the legislature intended to make the general act controlling.  
Stone v. Department of Employment Security Board of Review
, 151 Ill. 2d 257, 266, 602 N.E.2d 808, 812 (1992).  By providing "[p]roperty that is the subject of an annexation agreement *** is subject to the ordinances, control, and jurisdiction of the annexing municipality 
in
 
all
 
respects
 
the
 
same
 
as
 
property
 
that
 
lies
 
within
 
the
 
annexing
 
municipality's
 
corporate
 
limits
" (emphasis added) (65 ILCS 5/11-15.1-2.1(a) (West 2002)), the legislature manifested its intent to make this general provision controlling in cases where the land is subject to an annexation agreement.  

Further, in 
Judith Jones Dietsch Trust
, 321 Ill. App. 3d at 246-47, 746 N.E.2d at 1277-78, we held in cases where property is subject to conflicting claims of jurisdiction, the annexing municipality's subdivision and zoning jurisdiction overrides another municipality's statutory grant of planning jurisdiction over its formerly unincorporated planning area.  The same can be said of a county's statutory grant of zoning jurisdiction over unincorporated property outside a municipality's corporate limit.  Accordingly, we find Division 15.1 of the Municipal Code controls zoning and building construction of property subject to annexation agreements.

We also note when a statute is not ambiguous, the rule of 
in
 
pari
 
materia
 is not applicable.  
Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund
, 95 Ill. 2d 211, 219, 447 N.E.2d 394, 398 (1983). 

B. Special Legislation

As an affirmative defense, the County contends section 11-15-2.1 of the Municipal Code is unconstitutional as it violates the special-legislation provision of article 4, section 13, of the Illinois Constitution (Ill. Const. 1970, art. IV, §13), which provides as follows:

 "The General Assembly shall pass no special or local law when a general law is or can be made applicable.  Whether a general law is or can be made applicable shall be a matter for judicial determination." 

 Specifically, the County argues the following language violates the constitution:

"(b) This [s]ection shall not apply in (i) a county with a population of more than 3,000,000, (ii) a county that borders a county with a population of more than 3,000,000[,] or (iii) a county with a population of more than 246,000 according to the 1990 federal census and bordered by the Mississippi River, unless the parties to the annexation agreement have, at the time the agreement is signed, ownership or control of all property that would make the property that is the subject of the agreement contiguous to the annexing municipality, in which case the property that is the subject of the annexation agreement is subject to the ordinances, control, and jurisdiction of the municipality in all respects the same as property owned by the municipality that lies within its corporate limits."  65 ILCS 5/11-15.1-2.1 (West 2002).

A county or other local unit of government has standing to assert a legislative classification is invalid under the Illinois Constitution if the county is a member of the class being discriminated against.  
Jahn v. Troy Fire Protection District
, 255 Ill. App. 3d 933, 936, 627 N.E.2d 1216, 1219 (1994) (Third District).  Because the County is treated differently than the classified counties and its zoning and building-code jurisdiction is affected, we find the County has standing to bring this claim. 

The special-legislation provision prohibits the legislature from conferring special rights, privileges, or immunity or imposing a specific burden on a specified portion of the population while excluding others who are similarly situated.  
In re Belmont Park Fire District
, 111 Ill. 2d 373, 379, 489 N.E.2d 1385, 1388 (1986).  The special-legislation clause prevents the legislature from creating arbitrary classifications that discriminate in favor of a selected group without a reasonable basis.  
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 391, 689 N.E.2d 1057, 1069-70 (1997).  It does not, however, prohibit all legislative classifications.  
In re Petition of Village of Vernon Hills
, 168 Ill. 2d 117, 122, 658 N.E.2d 365, 367 (1995).  The legislature is permitted to classify counties and municipalities on the basis of population or territorial differences, so long as the classification is not arbitrary or does not grant a particular class special or exclusive legislative favors.  
Belmont Park Fire District
, 111 Ill. 2d at 379-80, 489 N.E.2d at 1388.  A statute is not invalid simply because it operates in a limited area of the state.  
Nevitt v. Langfelder
, 157 Ill. 2d 116, 125, 623 N.E.2d 281, 285 (1993).

A special-legislation challenge is generally judged the same as an equal-protection challenge, and the controlling question is whether the legislative classification is rationally related to a legitimate state interest
.  
Village of Vernon Hills
, 168 Ill. 2d at 123, 658 N.E.2d at 367-68.  Under this test
, "the classification must be based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests."  
Belmont Park Fire District
, 111 Ill. 2d at 380, 489 N.E.2d at 1388.  Additionally, the classification must bear a rational relationship to the evil to be remedied and the purpose of the legislation.  
Belmont Park Fire District
, 111 Ill. 2d at 380, 489 N.E.2d at 1388.  "If any set of facts can be reasonably conceived that justifies distinguishing the class to which the statute applies from the class to which the statute is inapplicable, then the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may enact law applicable only to those persons or objects."  
Village of Vernon Hills
, 168 Ill. 2d at 122, 658 N.E.2d at 367.  

"'Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will the courts act to hold the classifying enactment invalid.' [Citation.]  There is no requirement that classifications *** be drawn with mathematical precision [citation] for '[e]ven if the difference be one degree, only, it may be sufficiently great to require a difference in the methods of municipal action.' [Citation.]"  
Nevitt
, 157 Ill. 2d at 130, 623 N.E.2d at 287.

Legislative classifications are presumed to be constitutionally valid, and any reasonable doubt will be resolved in favor of upholding the classification.  
Village of Vernon Hills
, 168 Ill. 2d at 122-23, 658 N.E.2d at 367.  A reviewing court will also presume the legislature acted conscientiously and considered the conditions prevailing in the counties before enacting the legislation.  
Belmont Park Fire District
, 111 Ill. 2d at 380, 489 N.E.2d at 1389.  However, where appropriate we will declare a statute unconstitutional and invalid.  
Best
, 179 Ill. 2d at 378, 689 N.E.2d at 1064.     

The party attacking the validity of the statute must demonstrate the unreasonableness or arbitrariness of the classification.  
Belmont Park Fire District
, 111 Ill. 2d at 380, 489 N.E.2d at 1388
.  The County points us to a number of cases where a classification based on population alone was struck down as arbitrary.  See 
Belmont Park Fire District
, 111 Ill. 2d 373, 489 N.E.2d 1385 (a statute based on population that affected only Du Page County was held invalid because other counties faced similar situations and the population classification did not aid in remedying the evil); 
Village of Vernon Hills
, 168 Ill. 2d 117, 658 N.E.2d 365 (essentially the same issue as in 
Belmont Park Fire District
, but only Will County was affected); 
Christen v. County of Winnebago
, 34 Ill. 2d 617, 218 N.E.2d 103 (1966) (found unconstitutional an act applicable only to counties with a population between 200,000 and 1 million that eliminated the referendum requirement for the issuance of general obligation bonds, where a great need for courthouse improvements existed throughout the state and no proof showed the need was greater in the six counties falling within the classification); 
Hunt v. County of Cook
, 398 Ill. 412, 415, 76 N.E.2d 48, 50 (1947) (invalidated the Domestic Relations Act intended to combat "the evils attending the breaking of family relationships" that posed a serious threat to the general welfare, health, moral, and safety of the state but was applicable only in Cook County); 
Lacny v. Police Board
, 291 Ill. App. 3d 397, 683 N.E.2d 1265 (1997) (First District) (classification based on population and affecting only Chicago held invalid because the court could find no rational difference between the situation or condition existing between complaints filed in Chicago and complaints filed outside Chicago); compare 
Nevitt
, 157 Ill. 2d 116, 623 N.E.2d 281 (upheld a provision of the Public Employee Disability Act that distinguished between home-rule municipalities in excess of and less than 1 million); 
County of Champaign v. Adams
, 59 Ill. App. 3d 62, 375 N.E.2d 184 (1978) (upheld a population classification set at 80,000 and distinguished 
Cristen
).

The scant legislative history concerning this amendment suggests the law was enacted to stop municipalities from leap-frogging over unincorporated lands and entering into annexation and pre-annexation agreements.  87th Ill. Gen. Assem., House Proceedings, June 26, 1992, at 16 (statements of Representative Hoffman).  In the Senate, Senator John Cullerton noted this had been a problem in the classified counties and explained the purpose of the amendment as follows: 

"This has posed a problem up in the suburban area, and so what we've done with this bill is  to not change the law with respect to most of the State, but for certain counties, and those counties are Cook, Lake, McHenry, Du Page, Will, Kane, St. Clair[,] and Madison.  We say that that
 provision shall
 only apply if the parties to this annexation agreement have, at the time of the agreement is signed, ownership or control of all property that would make the property that is subject--the subject of the agreement, contiguous to the annexing municipalities."  87th Ill. Gen. Assem., Senate Proceedings, June 25, 1992, at 47-48 (statements of Senator Cullerton).

The County argues the problem of leap-frogging jurisdiction exists not only in the classified counties but throughout the state, as evidenced by the affidavit of Bruce Knight, planning director for the City of Champaign and the County's professional land-use expert.  Knight opined that because lands covered by annexation agreements need not be contiguous to a municipality's corporate boundary, "[t]his 
creates the potential
 for islands of land away from the corporate limits of a municipality, without limitation as to the distance of the lands from the municipality."  Further, "[t]he patchwork of irregular and inconsistent jurisdiction that 
may be created
 under these conditions in unincorporated areas violate[s] [p]rofessional [l]and[-][u]se [p]rinciples, which encourage the growth of expanding urban areas in a uniform and contiguous manner to the existing corporate limits."  (Emphasis added.)  Knight pointed to a number of potential problems, including urban sprawl, inappropriate zoning not consistent with the county's comprehensive plan, little incentive for proper zoning, the increased cost and compromised quality of municipal services, boundary confusion, and inconsistency in the uniform application of land-use controls.

We agree with the County that 
potential problems
 could arise in any county in Illinois, but this is an issue for the legislature, not this court.  Senator Cullerton indicated 
actual problems
 existed in the classified counties, and this distinction alone is sufficient to show the classification was not arbitrary and was supported by a rational basis.  Further, the cases cited by the County are inapposite because the evils sought to be remedied by the laws actually existed in other parts of the State.  The County has failed to demonstrate such is the case here and failed to meet its burden of showing the classification was arbitrary and unreasonable.

C. Police Powers

In its second affirmative defense, the County argues Division 15.1 of the Municipal Code is an invalid use of police powers by the legislature because it does not bear a reasonable relationship to public health, safety, morals, and general welfare or convenience.  Specifically, the County contends the division defeats the sound land-use principles of unity and contiguity in the extension of corporate jurisdiction and permits municipalities with no valid government interest in zoning to bargain away the public interest of those legitimately concerned with the land's zoning. 

Under its police powers, the legislature has broad discretion to enact legislation to protect the public health, safety, morals, and general welfare or convenience of the State.  
City of Carbondale v. Brewster
, 78 Ill. 2d 111, 114-15, 398 N.E.2d 829, 831 (1979).  A valid exercise of police power requires the legislation to bear a reasonable relationship to the interest sought to be protected, and the means adopted must constitute a reasonable method to accomplish such an objective.  
Brewster
, 78 Ill. 2d at 115, 398 N.E.2d at 831.    

Although the question of reasonableness will be determined by the court, "the legislature has broad discretion to determine not only what the interests of the public welfare require but what measures are necessary to secure such interest."  
Brewster
, 78 Ill. 2d at 115, 398 N.E.2d at 831.  Where the legislature has considered a problem and enacted legislation, we presume the law evidences a valid exercise of that power.  
Brewster
, 78 Ill. 2d at 114, 398 N.E.2d at 831.  We will not disturb an enactment merely over a difference of opinion concerning its wisdom, necessity, and expediency.  
Brewster
, 78 Ill. 2d at 115, 398 N.E.2d at 831.  The party challenging the validity of the law has the burden to show the law is entirely arbitrary and without reasonable basis.  
Brewster
, 78 Ill. 2d at 114, 398 N.E.2d at 831.

This court has recognized the requirement that land be contiguous before it can be annexed promotes the gradual and natural extension of municipal limits.  
In re Annexation of Certain Territory to the Village of Chatham, Illinois
, 245 Ill. App. 3d 786, 790-91, 614 N.E.2d 1278, 1282 (1993).  This court explained, " 'delivery of services is more convenient for the city and more efficient for its citizens.  Sewer lines, and fire, police[,] and other services, as far as practicable, should not have to pass under or over lands not within municipal boundaries.' "  
Certain Territory
, 245 Ill. App. 3d at 790-91, 614 N.E.2d at 1282, quoting 
People ex rel. County of St. Clair v. City of Belleville
, 84 Ill. 2d 1, 12, 417 N.E.2d 125, 130 (1981).  However, this court also recognized "[p]reannexation agreements serve to further important governmental purposes, such as the encouragement of expanding urban areas uniformly, economically, efficiently, and fairly, with optimum provisions made for the establishment of land[-]use controls and necessary municipal improvements" and rejected a similar argument by the City of Springfield.  
Judith Jones Dietsch Trust
, 321 Ill. App. 3d at 245, 746 N.E.2d at 1276.  The County's concerns are neither borne out by the evidence in the record nor sufficiently supported by the affidavit of its land-use expert.  The County had the burden to prove the law was 
entirely arbitrary and without reasonable basis
, but it failed to do so.  We find Division 15.1 of the Municipal Code to be a valid use of the legislature's police powers.

D. Genuine Issue of Material Fact

The County also argues summary judgment was not appropriate because, in its complaint, the Village alleged it had entered into annexation agreements it claimed as the basis for its alleged building-code and zoning jurisdiction, but it failed to provide proof, date, or lands affected by the annexation agreements.  The Village argues the legal dispute between the Village and the County does not concern specific annexation agreements but does concern who has jurisdiction over any lands subject to any annexation agreement. 

Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, if any, show no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2002); 
Netsch
, 166 Ill. 2d at 176, 651 N.E.2d at 1110.  In this case, although demanding strict proof of the agreements, the County admitted a dispute with the Village over zoning and building-code jurisdiction in both its answer to the Village's complaint and in its counterclaim.  Additionally, the County provided the trial court with a map showing the location of some of these disputed lands.  We find no dispute as to this issue; this factual issue is not material to the ultimate legal issue presented in the Village's complaint.

E. Declaratory Judgment

The County argues because the Village failed to prove up the information about the annexation agreements and the lands allegedly covered by the annexation agreements, the trial court's ruling was abstract and will not terminate the dispute between the parties.  The Village contends a declaratory judgment did terminate the controversy at issue in this case, namely, which of them has jurisdiction in areas subject to annexation agreements.  We note 
both
 the Village and the County sought declaratory judgment as to which has zoning and building-code jurisdiction over land subject to an annexation agreement.

In a declaratory judgment action concerning the validity of a statute, a party is entitled to a declaration of rights if (1) it pleads facts showing a protectible interest clearly falling within the operative language of the statute and (2) it will be adversely affected by its enforcement.  
Boles Trucking, Inc. v. O'Connor
, 138 Ill. App. 3d 764, 773, 486 N.E.2d 362, 366 (1985).  Where declaratory judgment is the only relief requested, it may be decided on a motion for summary judgment.  735 ILCS 5/2-701(b) (West 2002); 
Bossman v. Village of Riverton
, 291 Ill. App. 3d 769, 780, 684 N.E.2d 427, 434 (1997).  Courts, however, should refuse to enter declaratory judgments if it appears the judgment would not terminate the controversy or some part thereof.  
Illinois Press Ass'n v. Ryan
, 195 Ill. 2d 63, 66-67, 743 N.E.2d 568, 569 (2001). 

We find declaratory judgment was proper in this case and should terminate the controversy between the Village and the County concerning zoning and building-code jurisdiction over the property subject to preannexation agreements.

III. CONCLUSION

The legislature's current statutory provisions compelled the results in this case.  We recognize, however, this decision does not properly take into account the County's and Village's competing land-use goals.  This county, as well as other counties throughout the state, has developed zoning and building-code plans meant to preserve the rural character of the county and protect rich farmland from development.  The legislature's policy in permitting annexation agreements and giving municipalities zoning and building-code jurisdiction is meant to promote urbanization.  Reconciling these competing considerations is most properly left to the legislature and not this court. 

Thus, we invite the legislature to carefully review the statutes at issue in this case and carefully consider the implications of granting municipalities zoning and building-code jurisdiction over lands subject to annexation agreements but not contiguous to the municipality.  We urge the legislature to consider whether additional standards, such as those required for school-district annexation, need to be met before a municipality is permitted to exercise this jurisdiction.  See 
Dukett v. Regional Board of School Trustees
, 342 Ill. App. 3d 635, 640-41, 795 N.E.2d 945, 950-51 (2003) ("[P]etitions for detachment and annexation should be granted only where the overall benefit to the annexing district and the detachment area clearly outweighs the resulting detriment to the losing district and the surrounding community as a whole").  Further, we invite the legislature to consider the County's argument that a municipality's zoning and building-code jurisdiction should not attach until the land subject to the annexation agreement is actually annexed.

For the reasons stated, we affirm the trial court's judgment. Affirmed. 

TURNER, J., concurs.

MYERSCOUGH, J., dissents. 

JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent.  In determining that section 11-15.1-2 of the Municipal Code (65 ILCS 5/11-15.1-2 (West 2002)) "prevails", the majority has rendered two Illinois statutes, section 11-13-1 of the Municipal Code (65 ILCS 5/11-13-1 (West 2002)) and section 5-1063 of the Counties Code (55 ILCS 5/5-1063 (West 2002)), invalid.  I am troubled by such an "isolated" approach and by the majority’s dismissal of the County's suggestion that the three seemingly conflicting statutes can be constructed 
in
 
pari
 
materia
 (the majority states: "We also note when a statute is not ambiguous, the rule of 
in
 
pari
 
materia
 is not applicable.  
Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund
, 95 Ill. 2d 211, 219, 447 N.E.2d 394, 398 (1983)" (slip op at 11)).  I agree with the County that the statutes at issue should be interpreted to mean that a municipality's zoning power only becomes effective when the property is actually annexed, so that all the statutes involved are construed harmoniously and are given effect. 

The doctrine of 
in
 
pari
 
materia
 is a long-established, fundamental statutory construction principle.  "Under this doctrine of construction, two legislative acts that address the same subject are considered with reference to one another, so that they may be given harmonious effect."  
Land v. Board. of Education of the City of Chicago
, 202 Ill. 2d 414, 422, 781 N.E.2d 249, 254 (2002).  The United States Supreme Court, in 
United States ex rel. Chott v. Ewing
, 237 U.S. 197, 200, 59 L. Ed. 913, 915, 35 S. Ct. 571, 572 (1915), was faced with two provisions, which, when "[l]ooked at isolatedly," had "absolute conflict between" them.  The Court rejected the isolated approach and stated as follows: "[E]ven if the method of isolated consideration were not otherwise plainly a mistaken one, it follows that it cannot be adopted since it affords no possible solution of the controversy."  
Ewing
, 237 U.S. at 200, 59 L. Ed. at 915, 35 S. Ct. at 572.  The Court then held: "[S]uch solution must therefore be sought by following the elementary rules, that is, by turning primarily to the context of the section and secondarily to provisions 
in
 
pari
 
materia
 as affording an efficient means for discovering the legislative intent in enacting the statute thereby vivifying and enforcing the remedial purposes which it was adopted to accomplish."  
Ewing
, 237 U.S. at 200, 59 L. Ed. at 915, 35 S. Ct. at 572.  The Court’s holding in 
Ewing
 fully applies here.   

In the instant case, we have three Illinois statutes that appear to be in conflict, and to hold one valid would, in essence, repeal the others.  The majority chose to uphold the validity of section 11-15.1-2 of the Municipal Code while rejecting section 11-13-1 of the Municipal Code (65 ILCS 5/11-13-1 (West 2002)) and section 5-1063 of the Counties Code (55 ILCS 5/5-1063 (West 2002)).  The majority relied on 
Kozak
, 95 Ill. 2d 211, 447 N.E.2d 394, to ignore the doctrine of 
in
 
pari
 
materia
 set forth above by the United States Supreme Court and the Supreme Court of Illinois, stating "[w]e also note when a statute is not ambiguous, the rule of 
in
 
pari
 
materia
 is not applicable. [Citation.].
"  Slip op at 11.  
Such reliance is misplaced as the statute here, section 11-15.1-2 of the Municipal Code (65 ILCS 5/11-15.1-2 (West 2002)), is not clear and unambiguous.   

The Supreme Court of Illinois stated in 
People v. Jameson
, 162 Ill. 2d 282, 288, 642 N.E.2d 1207, 1210 (1994), a statute is ambiguous if it "is capable of being understood by reasonably well-informed persons in two or more different senses."  As we know, ambiguity is of a dual nature: it may be either patent or latent.  A patent ambiguity arises out of the words themselves, while a latent ambiguity arises out of the results of a literal application of the words.  In 
Stewart v. Industrial Comm'n
, 115 Ill. 2d 337, 340, 504 N.E.2d 84, 86 (1987), for example, the Supreme Court of Illinois held that a statute may contain a latent ambiguity.
  A latent ambiguity arises "'where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'  (Black's Law Dictionary 102 (3d ed. 1933).)"  
Hoglund v. State Farm Mutual Automobile Insurance Co.
, 148 Ill. 2d 272, 279, 592 N.E.2d 1031, 1035 (1992).

In the instant case, section 11-15.1-2 of the Municipal Code (65 ILCS 5/11-15.1-2 (West 2002)) may be interpreted two ways:  a village has the zoning jurisdiction over any property with which the village enters annexation agreements (as the majority did) or a municipality's zoning power only becomes effective when the property is actually annexed.  The fact that there are two possible interpretations of the statute renders it latently ambiguous, and we should apply the principle of 
in
 
pari
 
materia
 to determine the correct interpretation.

Last, I note the majority stated that "[t]he legislature's current statutory provisions compelled the results in this case" (slip op. at 19) and "[r]econciling these competing considerations is most properly left to the legislature and not this court" (slip op at 20).  The majority, however, placed itself in the role of the legislature when it declared that one statute prevailed over the other two "conflicting" statutes.  The majority’s holding also violates the statutory construction principles as stated by the Supreme Court of Illinois in 
State v. Mikusch
, 138 Ill. 2d 242, 247-48, 562 N.E.2d 168, 170 (1990): "It 
is presumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments. [Citation.]  It is further presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes which relate to the same subject are to be governed by one spirit and a single policy" and "it is not unusual for two or more bills to be passed at the same session of the legislature which pertain to the same subject.  For the later enactment to operate as a repeal by implication of the earlier one, therefore, there must be such manifest and total repugnance that the two cannot stand together.  A construction, if possible, of the two statutes which allows both to stand will be favored."  For these reasons, I would reverse the trial court.